# EXHIBIT A



**null / PERINJ**
**Transmittal Number: 21419581**
**Date Processed: 04/17/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kiia Adams<br>Delta Air Lines, Inc<br>1030 Delta Blvd, Dept 982<br>Atlanta, GA 30354-1989 |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| **Entity Served:** | Delta Airlines, Inc. |
| **Title of Action:** | Erik Garcia vs. Delta Airlines, Inc. |
| **Matter Name/ID:** | Erik Garcia vs. Delta Airlines, Inc. (10191413) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV04629 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/17/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Ali Parvaneh<br>949-756-9050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS on First Amended Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIRLINES, INC., a corporation or other form of legal entity; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIK GARCIA, an individual; Additional Parties Attachment form is attached

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California - County of Los Angeles 312 North Spring Street, Los Angeles, CA 90012 Spring Street Courthouse | CASE NUMBER: *(Número del Caso):* 20STCV04629 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ali Parvaneh/Jenos Firouznam-Heidari/Laura Hassan/MADISON LAW, APC - 17702 Mitchell North, Irvine, CA 92614/(949) 756-9050

| DATE: *(Fecha)* | | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Delta Air Line, Inc., a corporation or other form of legal entity
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 4/17/2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS on First Amended Complaint

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Garcia v. Delta Airlines, Inc., et al. | 20STCV04629 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

RAMONA GARCIA, an individual; EVELYN A. GARCIA, a Minor by and through her Guardian Ad Litem, Erik Garcia; ERIKA A. GARCIA, an individual; ERIK G. GARCIA, a Minor by and through his Guardian Ad Litem, Erik Garcia; BLANCA PEREZ, an individual; DIANA FLORES, an individual; XAVIER BUSTAMANTE, a Minor by and through his Guardian Ad Litem, Blanca Perez; ALESSANDRA PEREZ, a Minor by and through her Guardian Ad Litem, Blanca Perez; LUIS ROJAS, an individual; MIGUEL BUSTAMANTE, an individual; VERONICA RAMOS, an individual; BRAYANT RIVAS, an individual; BRYANNA RIVAS, a Minor by and through her Guardian Ad Litem, Veronica Ramos; VERONICA ALVAREZ, a Minor by and through her Guardian Ad Litem, Veronica Ramos; MILVIA NIVETY TORRES, an individual; KEVIN TORRES, an individual; MARIO RENE TORRES, an individual; SUSAN FLORES, an individual; RICARDO LOPEZ, an individual; JORGE AVILA, an individual; JONATHAN AVILA, an individual; SERGIO PULIDO aka MATTHEW LOPEZ, a Minor by and through his Guardian Ad Litem, Susan Flores; SEBASTIAN CORNEJO FLORES, a Minor by and through his Guardian Ad Litem, Susan Flores; ARACELY MONROY DE FLORES, an individual; EVELYN VIERNA, an individual; EDWIN MORALES, an individual; ETHAN MORALES-VIERNA, an individual; YENY BENITEZ, an individual; VICTOR BENITEZ, an individual; ADRIAN BENITEZ, a Minor by and through his Guardian Ad Litem, Yeny Benitez; GAEL BENITEZ, a Minor by and through his Guardian Ad Litem, Yeny Benitez; MARIA GABRIELA VASQUEZ, an individual; ELENA VASQUEZ, an individual; JUAN VASQUEZ, an individual; Miriam Borquez, an individual; Hector Christian Beza-Lara, an individual; and Alejandra Morales, an individual.

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2020 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV04629

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIRLINES, INC., a corporation or other form of legal entity;
and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIK GARCIA, an individual;
Additional Parties Attachment form is attached

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* 20STCV04629 |
|---|---|

Stanley Mosk Courthouse
111 N Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ali Parvaneh, MADISON LAW, APC, 17702 Mitchell North, Irvine, CA 92614, 949-756-9050

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 02/04/2020 | Clerk, by *(Secretario)* Romunda Clifton | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Erik Garcia, et al. v. Delta Airlines, Inc. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

RAMONA GARCIA, an individual; BLANCA PEREZ, an individual; DIANA FLORES, an individual; XAVIER BUSTAMANTE, an individual; ALESSANDA PEREZ, an individual; LUIS ROJAS, an individual; MIGUEL BUSTAMANTE, an individual; VERONICA RAMOS, an individual; BRAYANT RIVAS, an individual; BRYANNA RIVAS, an individual; MILVIA NIVETY TORRES, an individual; KEVIN TORRES, an individual; MARIO RENE TORRES, an individual; SUSAN FLORES, an individual; RICARDO LOPEZ, an individual; JORGE AVILA, an individual; JONATHAN AVILA, an individual; SERGIO PULIDO, an individual; ARACELY MONROY, an individual;

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2020 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV04629

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

1  Ali Parvaneh, SBN 218320
   aparvaneh@madisonlawapc.com
2  Jenos Firouznam-Heidari, SBN 266257
   jheidari@madisonlawapc.com
3  James S. Sifers, SBN 259105
   jsifers@madisonlawapc.com
4
   Laura Hassan, SBN 315411
5  lhassan@madisonlawapc.com

6  **MADISON LAW, APC**
   17702 Mitchell North
7  Irvine, California 92614
   Telephone: 949-756-9050
8  Facsimile: 949-756-9060

9  Attorneys for Plaintiffs

10

11              **SUPERIOR COURT OF STATE OF CALIFORNIA**

12                **FOR THE COUNTY OF LOS ANGELES**

13
   ERIK GARCIA, an individual; RAMONA          Case No.: 20STCV04629
14 GARCIA, an individual; BLANCA PEREZ, an
   individual; DIANA FLORES, an individual;     ASSIGNED FOR ALL PURPOSES to:
15 XAVIER BUSTAMANTE, an individual;            Hon.
   ALESSANDA PEREZ, an individual; LUIS         Dept.
16 ROJAS, an individual; MIGUEL BUSTAMANTE,
   an individual; VERONICA RAMOS, an individual; **COMPLAINT FOR:**
17 BRAYANT RIVAS, an individual; BRYANNA
18 RIVAS, an individual; MILVIA NIVETY TORRES,    1. **NEGLIGENT AIRCRAFT OPERATION**
   an individual; KEVIN TORRES, an individual;
19 MARIO RENE TORRES, an individual; SUSAN      **[UNLIMITED JURISDICTION]**
20 FLORES, an individual; RICARDO LOPEZ, an     **[JURY TRIAL DEMANDED]**
   individual; JORGE AVILA, an individual;
21 JONATHAN AVILA, an individual; SERGIO
   PULIDO, an individual; ARACELY MONROY, an
22 individual;

23
                      Plaintiffs,
24         v.

25
   DELTA AIRLINES, INC., a corporation or other
26 form of legal entity; and DOES 1 through 100,
   inclusive,
27
28                    Defendants.

---

COMPLAINT
-1-

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1    COMES NOW Plaintiffs Erik Garcia, Ramona Garcia, Blanca Perez, Diana Flores, Xavier

2    Bustamante, Alessandra Perez, Luis Rosas, Miguel Bustamante, Veronica Ramos, Brayant Rivas,

3    Veronica Alvarez, Bryanna Rivas, Milvia Nivety Torres, Kevin Torres, Mario Rene Torres, Susan

4    Flores, Ricardo Lopez, Jorge Avila, Jonathan Avila, Sergio Pulido, and Aracely Monroy de Flores

5    (collectively "Plaintiffs") in their Complaint against Defendant Delta Airlines, Inc. ("Defendant Delta")

6    and Does 1 through 100, inclusive (Defendant Delta and Does 1 through 100, collectively hereafter

7    "Defendants"), and allege as follows:

8

9                                    **PARTIES, JURISDICTION, AND VENUE**

10          1.      Plaintiffs are now, and at all times mentioned herein, individuals who reside in the

11   County of Los Angeles, State of California.

12          2.      Plaintiffs are informed and believe and based thereon allege that Defendant Delta is now

13   and was at all times relevant herein a corporation or other legal entity doing substantial business in the

14   County of Los Angeles, State of California.

15          3.      The true names or capacities of Defendant Does 1 through 100 are unknown to Plaintiffs,

16   who sue them by such fictitious names under *Cal. Code Civ. Proc.* § 474. Each Defendant Doe caused

17   Plaintiffs injury and damage. Plaintiffs will amend the Complaint to allege the true names and

18   capacities of Defendant Does, whether individual, corporate, associate, or otherwise, when the same has

19   been ascertained. Plaintiffs are informed, believe, and based on such information and belief allege that

20   each fictitiously named Defendant is in some manner responsible for the damages alleged herein.

21          4.      Plaintiffs are informed, believe, and based upon such information and belief allege that,

22   in performing the acts and omissions alleged hereinafter, and at all times relevant hereto, each of the

23   Defendants was an agent, servant, employee, partner, joint venture, and/or co-conspirators of each of the

24   remaining defendants, and acted as within the course and scope of his authority, employment, or

25   conspiracy, or with the ratification, approval, permission, and/or consent of the other defendants.

26          5.      Plaintiffs are informed, believe, and based thereon allege that the above-entitled Court is

27   the proper Court for this action, as the wrongful acts and omissions alleged hereinafter took place in the

28   County of Los Angeles, State of California. Plaintiffs further allege that the amount claimed is in excess

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1  of the jurisdictional minimum of this Court.

2

3  **GENERAL ALLEGATIONS**

4      6.      Plaintiffs reside in a neighborhood in the City of Cudahy near the Park Avenue

5  Elementary School, located at 8020 Park Ave., Cudahy, California 90201.  On or about January 14,

6  2020, Plaintiffs, unaware that toxic jet fuel would be dumped on them, were conducting their normal

7  daily routines within the safety of their respective homes and places of work.  On that day, and under the

8  circumstances alleged hereinafter, Defendant Delta operated a flight—believed to be Flight 89, leaving

9  the Los Angeles International Airport ("LAX") for Shanghai—at an altitude of approximately 2,300 feet

10 and piloted by certain Doe Defendant(s),—made the conscious decision to dump massive amounts of

11 toxic jet fuel onto the Plaintiffs and their respective homes, personal properties, and children.

12     7.      Prior to January 14, 2020, Defendants knew that jet fuel is a toxic substance and that

13 contact with jet fuel is harmful and dangerous to humans.  The Code of Federal Regulations and the

14 Federal Aviation Administration have established minimum requirements that must be followed before a

15 turbine aircraft may jettison its fuel.  The Federal Agency for Toxic Substances provides that the health

16 effects of contact with jet fuel can result in short and long-term injuries to exposed individuals,

17 including damage to various organs.  Jet fuel is a known and recognized toxic substance, which can also

18 cause damage to pets, personal property, and real property.

19     8.      By virtue of such knowledge, Defendant Delta, as an aircraft owner and operator, and

20 Defendants Does, including Federal Aviation Administration ("FAA") licensed defendants, were, at all

21 relevant times, under a duty to adequately train and supervise their pilots and personnel and to properly

22 operate the subject aircraft.  In connection with such training, Defendant Delta and Defendant Doe

23 pilot(s) must be trained on safety procedures for dumping fuel from aircraft with turbine engines.  These

24 procedures take into account the type of aircraft, overweight landing capability, type of engine, and

25 environment so as to avoid harm to the general population, personal property, and real property located

26 within the below surrounding areas.  Defendants, including Defendant Delta and Defendant Doe pilot(s),

27 were under a duty to notify air traffic control personnel of any need or intent to dump fuel so that the

28 aircraft could be directed to an altitude and area where it would be safe to jettison fuel.  Defendants must

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1  control their aircraft to avoid harm to the population and property below and around the aircraft.  The

2  turbine engine airlines and aircraft operators, including Defendant Delta and Defendant Does, were

3  under a duty to avoid jettisoning jet fuel at unsafe altitudes, especially when over heavily populated

4  areas, unless they have been cleared for such action by the flight traffic controllers.  Well established

5  industry guidelines and customs govern such conduct.  For example, and among other industry

6  standards, air traffic controllers must:

7        a.  Require that the flight crew coordinate fuel dumps with the air traffic controllers.  Even

8            in an emergency, the flight crew must inform the air traffic controllers that it intends or

9            desires to dump fuel.

10       b.  Instruct the flight crew that the jettisoning of fuel should be carried out 10,000 feet

11           above ground level, or above water.  If fuel dumping at this level or over water is

12           operationally impracticable or inconsistent with safety, fuel may be jettisoned above

13           7,000 feet in winter and above 4,000 feet in summer.

14       c.  Instruct the flight crew to make sure a vertical separation of at least 1,000 feet between

15           aircraft has been maintained.

16      9.     January 14, 2020 was a typical winter day for Plaintiffs.  At the time of the incident, all

17  Plaintiffs were at their respective homes or places of work.  The skies were clear and there was no

18  reason for Plaintiffs to suspect exposure of any health or property hazards.  .  That morning, a massive

19  Boeing 777-200, flown by Defendants and carrying approximately 30,000 gallons of jet fuel, took off

20  from LAX for Shanghai, China (hereinafter, "Flight 89").  Shortly after takeoff, the pilot declared an in-

21  flight emergency related to its starboard engine—a trouble which was negligently ignored before

22  takeoff.  When Defendant Delta and Defendant Doe pilot(s) declared the emergency, Flight 89 was over

23  the Pacific Ocean.  Defendant Delta and Defendant Doe pilot(s) made a northerly turn, followed by an

24  easterly turn, causing Flight 89 to fly parallel to land instead of the Pacific Ocean.  Defendants caused

25  the aircraft to fly over heavily populated neighborhoods.  Defendants further negligently avoided a

26  wider flight pattern that could have taken Flight 89 over the unpopulated hills and mountains.

27  Defendants proceeded to fly adjacent to the Park Avenue Elementary School and surrounding

28  neighborhoods.  Plaintiffs are informed, believe, and based upon such information and belief allege that

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1    the engine problem that caused the Flight 89 Defendant Doe pilot(s) to abandon their approved flight

2    plan and to ultimately jettison fuel onto Plaintiffs, as alleged herein, was detected and known to

3    Defendants before Flight 89 took off. Nevertheless, Defendants ignored the problem and chose to take

4    off.

5         10.    Defendant Doe pilot(s) notified air traffic control personnel of the need for Flight 89 to

6    return to LAX, but negligently failed to inform air traffic personnel of any need to dump fuel in order to

7    avoid an overweight landing. In accordance with industry standards (See ¶ 8a) Defendants were

8    obligated to inform air traffic controller ("ATC") and coordinate the fuel dump with ATC. In adherence

9    with industry standards, Defendant Doe pilot(s) were specifically asked by ATC if they needed to dump

10   fuel. Failing to properly discharge their duties and in violation of industry standards, Defendants

11   responded there was no such need. Had Defendants properly notified ATC, Flight 89 would have been

12   directed to a location and altitude at which fuel could safely be jettisoned or approved to do so over the

13   Pacific Ocean. Indeed, Flight 89 reached altitudes of over 8,000 feet above ground level during its

14   flight. Accordingly, there were plenty of opportunities to jettison fuel safely and in accordance with

15   industry standards (See ¶ 8b).

16        11.    Defendants proceeded to dump tens of thousands of pounds of fuel per second at an

17   elevation of about 2,000 feet above ground level. Defendants failed to:

18        a.   Properly notify ATC of their need to jettison fuel;

19        b.   Notify ATC of their decision to jettison fuel;

20        c.   Properly calculate their landing weight;

21        d.   Ensure that they are flying at a safe altitude for a fuel dump;

22        e.   Ensure that they are a safe distance away from other aircraft;

23        f.   Ensure that they are not flying over heavily populated areas;

24        g.   Realize that, at 2,000 feet above the ground on a winter day, the fuel would not

25            evaporate or dissipate; and

26        h.   Change their flight pattern to burn off or jettison fuel from a safe altitude.

27        12.    The fuel dumped by Flight 89 did not evaporate or dissipate. Instead, Plaintiffs, who

28   were unaware of the dangers posed by Defendants' conduct, were coated with jet fuel from Flight 89

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1  while in and near their yards and back yards, respectively.  Plaintiffs' properties were also coated with

2  the jet fuel dumped from Flight 89, causing severe damage to their homes and personal properties.

3       13.    After Flight 89 released thousands of pounds of fuel over Plaintiffs and their properties,

4  Plaintiffs could feel the fuel on their clothes, flesh, eyes, and skin.  Fuel penetrated their bodies through

5  their mouths, skin pores, and nostrils, producing a lasting and severe irritation, and a lasting and noxious

6  taste and smell.  The smell of the jet fuel has lingered in their homes and remains to this day.  Plaintiffs'

7  yards, their personal crops, and fruit trees were covered in jet fuel.  Plaintiffs' pets and vehicles were

8  also covered in jet fuel.  The coating of fuel caused Plaintiffs to feel sick, dizzy, and nauseated, and

9  caused pain, vomiting, and skin irritation.  Plaintiffs also suffer from digestive problems and respiratory

10  problems as a result of the jet fuel dump.  Plaintiffs have experienced breathing difficulties and severe

11  discomfort which have required and continue to require medical treatment.  When Plaintiffs learned that

12  exposure to and ingestion of jet fuel was the cause of their suffering and illness, they also suffered

13  severe emotional distress stemming from the knowledge that they had involuntarily ingested toxins and

14  would be suffering the consequences over an extended period.  Further, the adult Plaintiffs are worried

15  about the wellbeing of their exposed children.  Their severe emotional distress includes the reasonable

16  fear that the exposure to and ingestion of jet fuel might produce serious health consequences, such as

17  cancer, in the future.  Plaintiffs also suffer from fear of continued exposure to jet fuel due to aircraft

18  flying overhead.  This is a concern that had not entered their minds and would not have existed but for

19  Defendants' negligence.

20       14.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will

21  continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

22  Plaintiffs are each entitled to general and compensatory damages in an amount in excess of the

23  jurisdictional minimum of the Court and which will be proven at trial.

24

25                        **FIRST CAUSE OF ACTION**

26                            **NEGLIGENCE**

27                 (By Plaintiffs against all Defendants)

28       15.    Plaintiffs incorporate by reference Paragraphs 1 through 14 in this Complaint, as

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1  though fully set forth herein.

2          16.      Plaintiffs reside in the City of Cudahy in a neighborhood adjoining the Park Avenue

3  Elementary School, located at 8020 Park Ave., Cudahy, California. On or about January 14, 2020,

4  Plaintiffs were within the safety of their respective homes or places of work in such neighborhood. On

5  that day, and under the circumstances alleged herein, Flight 89, a Defendant Delta flight, dumped a

6  massive amount of toxic jet fuel onto the Plaintiffs and their respective homes, properties, and children.

7          17.      January 14, 2020 was a typical winter day—the skies were clear and there was no reason

8  to suspect exposure to any hazards. However, Plaintiffs were within the danger zone when the

9  aforementioned incident occurred. That morning, a massive Boeing 777-200 flown by Defendant Delta

10  as Flight 89 was carrying approximately 30,000 gallons of jet fuel as it took off for Shanghai, China

11  from LAX. Shortly after takeoff, a Defendant Doe pilot declared an in-flight emergency related to its

12  starboard engine—a trouble that was known to, and ignored by, Defendants prior to take off. When

13  Defendant Delta and Defendant Doe pilot(s) declared the emergency, Flight 89 was over the Pacific

14  Ocean. Defendant Delta and Defendant Doe pilot(s) then made a northerly turn, followed by an easterly

15  turn, causing Flight 89 to fly parallel to land instead of the Pacific Ocean. Defendants caused the

16  aircraft to fly over heavily populated neighborhoods and negligently avoided a wider flight pattern that

17  could have taken them over the unpopulated hills and mountains. Defendants proceeded to fly over the

18  Park Avenue Elementary School and surrounding neighborhoods. Plaintiffs are informed, believe, and

19  based thereon allege that the engine problem that caused Flight 89's Defendant Doe pilot(s) to abandon

20  their flight plan, and to ultimately jettison fuel onto Plaintiffs, as alleged herein, was detected and known

21  to Defendants before Flight 89 took off. Nevertheless, Defendants ignored the engine problem and

22  chose to take off. Defendants had a duty to ground the aircraft due to the engine problem. Defendants

23  breached that duty.

24          18.      Defendants, and each of them, as licensed owners and operators of aircraft have duties,

25  which they ignored and breached. These duties, which the Defendants have breached, include:

26          a.    Duty to notify ATC of any need or intent to dump fuel, according to a long-standing

27                 standard of conduct within the industry;

28          b.    Duty to dump fuel from safe altitudes (see ¶ 8, above);

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

COMPLAINT
-7-

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

c. Duty to coordinate with ATC to dump fuel at a safe location and altitude;

d. Duty to dump fuel in such a manner so as to avoid injury to the population, property, and life within close proximity to the aircraft;

e. Duty to dump fuel over the ocean or hills, when possible;

f. Duty to truthfully coordinate with ATC, including to disclose material facts about the flight, such as the intent to dump fuel at approximately 2,000 feet above ground level;

g. Duty to calculate accurate overweight landing numbers on a timely basis and to take advantage of fuel dumping opportunities when possible;

h. Duty to respond truthfully to ATC when ATC inquires about intent to dump fuel, and a further duty to correct a prior false response relating to the intent to dump fuel;

i. Duty to avoid harm to Plaintiffs in connection with dumping fuel on their persons and properties;

j. Duty to avoid negligently operating Flight 89, including detecting the engine problem that caused Flight 89 to need to dump fuel on Plaintiffs before Flight 89 took off; and

k. Duty to exercise reasonable care to avoid harm to Plaintiffs.

19. Plaintiffs are informed, believe, and based thereon allege that Defendants breached each of the aforementioned duties, and failed to properly train and/or supervise the pilots and personnel of Flight 89 with regard to the safety procedures for dumping fuel from aircraft in flight so as to avoid harm to the population, property, and life on the ground under the aircraft.

20. Immediately after Defendants caused Flight 89 to release thousands of pounds of fuel per second over Plaintiffs and their properties, Plaintiffs could feel the fuel on their clothes, flesh, eyes, and skin. Fuel penetrated their pores, mouths, and noses, producing a lasting and severe irritation and a lasting and noxious taste and smell. The smell of the jet fuel lingered in their homes and remains to this day. Plaintiffs' crops and fruit trees were covered in jet fuel. Plaintiffs' pets and vehicles were also covered in jet fuel.

21. At all times material herein, Defendants knew, or reasonably should have known, that their conduct, acts, and failures to act with reasonable care, as described herein, would cause harm to persons and property on the ground below Flight 89 as it dumped fuel.

22.     As a direct and proximate result of the above alleged acts and omissions of Defendants, Plaintiffs were injured.  Specifically, exposure to the fuel at the outset and continued exposure to the coating of fuel caused Plaintiffs to feel sick, dizzy, and nauseated, and caused pain, vomiting, and irritation to the skin and eyes.  Plaintiffs also suffer from digestive problems and respiratory problems as a result of the jet fuel dump.  Plaintiffs have experienced breathing difficulties and severe discomfort, which required and continues to require medical treatment.  Plaintiffs also suffer from severe emotional distress due to their knowledge that  exposure to and ingestion of jet fuel was the cause of their suffering and illness and that they had involuntarily ingested toxins.  Their severe emotional distress includes the reasonable fear that the exposure to and ingestion of jet fuel might produce serious health consequences, such as cancer, in the future.

23.     Plaintiffs have suffered and continue to suffer emotional injuries each time an aircraft flies overhead.  Each of these Plaintiffs has lived for years under the flight path without any injuries or harm.  However, Defendants' negligence has suddenly broken their safety bubble.  They are now troubled at the sign of an aircraft flying overhead—an event which is a regular occurrence in their neighborhood.

24.     Plaintiffs have also suffered injuries to their real property.  Their homes have materially lost value.  The value of each home before the incident was materially higher.  However, as a result of this incident, market demand has deteriorated.  This injury is likely to continue and worsen with passage of time.  Buyers will be dissuaded from Plaintiffs' neighborhood.  Moving from this neighborhood, however, has become a concern and an agenda for Plaintiffs.  Accordingly, Plaintiffs must now exhaust additional sums to remedy this injury.

25.     Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiffs are each entitled to general and compensatory damages in an amount in excess of the jurisdictional minimum of the Court and which will be proven at trial.

///

///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**PRAYER FOR RELIEF**

WHEREFORE: Plaintiffs pray for judgment as follows:

I.      For each Plaintiff to be awarded general damages in an amount to be proven at the time of trial;

II.     For each Plaintiff to be awarded special damages in an amount to be proven at the time of trial;

III.    For costs of suit herein incurred, including reasonable attorneys' fees to the extent permitted by law; and

IV.    For all other and further relief that the Court deems proper and just.

Respectfully submitted on this 3rd day of February, 2020, by:

MADISON LAW, APC

Ali Parvaneh,
Attorneys for Plaintiffs

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2020 10:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Jenos Firouznam-Heidari, SBN 266257
jheidari@madisonlawapc.com
James S. Sifers, SBN 259105
jsifers@madisonlawapc.com
Laura Hassan, SBN 315411
lhassan@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Telephone: 949-756-9050
Facsimile: 949-756-9060

Attorneys for Plaintiffs

**SUPERIOR COURT OF STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

| | |
|---|---|
| ERIK GARCIA, an individual; RAMONA GARCIA, an individual; EVELYN A. GARCIA, a Minor by and through her Guardian Ad Litem, Erik Garcia; ERIKA A. GARCIA, an individual; ERIK G. GARCIA, a Minor by and through his Guardian Ad Litem, Erik Garcia; BLANCA PEREZ, an individual; DIANA FLORES, an individual; XAVIER BUSTAMANTE, a Minor by and through his Guardian Ad Litem, Blanca Perez; ALESSANDRA PEREZ, a Minor by and through her Guardian Ad Litem, Blanca Perez; LUIS ROJAS, an individual; MIGUEL BUSTAMANTE, an individual; VERONICA RAMOS, an individual; BRAYANT RIVAS, an individual; BRYANNA RIVAS, a Minor by and through her Guardian Ad Litem, Veronica Ramos; VERONICA ALVAREZ, a Minor by and through her Guardian Ad Litem, Veronica Ramos; MILVIA NIVETY TORRES, an individual; KEVIN TORRES, an individual; MARIO RENE TORRES, an individual; SUSAN FLORES, an individual; RICARDO LOPEZ, an individual; JORGE AVILA, an individual; JONATHAN AVILA, an individual; SERGIO PULIDO aka MATTHEW LOPEZ, a Minor by and through his Guardian Ad Litem, Susan Flores; | Case No.: 20STCV04629<br><br>ASSIGNED FOR ALL PURPOSES to:<br>Hon. Judge Kristin S. Escalante<br>Dept. 29<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.  **NEGLIGENT AIRCRAFT OPERATION**<br><br>**[UNLIMITED JURISDICTION]**<br>**[JURY TRIAL DEMANDED]** |

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 .. Fax (949) 756-9060

1  SEBASTIAN CORNEJO FLORES, a Minor by and
   through his Guardian Ad Litem, Susan Flores;
2  ARACELY MONROY DE FLORES, an individual;
   EVELYN VIERNA, an individual; EDWIN
3  MORALES, an individual; ETHAN MORALES-
   VIERNA, an individual; YENY BENITEZ, an
4  individual; VICTOR BENITEZ, an individual;
   ADRIAN BENITEZ, a Minor by and through his
5  Guardian Ad Litem, Yeny Benitez; GAEL
   BENITEZ, a Minor by and through his Guardian Ad
6  Litem, Yeny Benitez; MARIA GABRIELA
7  VASQUEZ, an individual; ELENA VASQUEZ, an
   individual; JUAN VASQUEZ, an individual;
8  MIRIAM BORQUEZ, an individual; HECTOR
   CHRISTIAN BEZA-LARA, an individual; and
9  ALEJANDRA MORALES, an individual.
10
11              Plaintiffs,
12        v.
13 DELTA AIRLINES, INC., a corporation or other
   form of legal entity; and DOES 1 through 100,
14 inclusive,
15              Defendants.
16

17     COMES NOW Plaintiffs Erik Garcia; Ramona Garcia; Evelyn A. Garcia, a Minor by and

18 through her Guardian Ad Litem, Erik Garcia; Erika A. Garcia; Erik G. Garcia, a Minor by and through

19 her Guardian Ad Litem, Erik Garcia; Blanca Perez; Diana Flores; Xavier Bustamante; a Minor by and

20 through his Guardian Ad Litem, Blanca Perez; Alessandra Perez, a Minor by and through her Guardian

21 Ad Litem, Blanca Perez; Luis Rosas; Miguel Bustamante; Veronica Ramos; Brayant Rivas; Veronica

22 Alvarez; Bryanna Rivas, a Minor by and through her Guardian Ad Litem, Veronica Ramos; Veronica

23 Alvarez, a Minor by and through her Guardian Ad Litem, Veronica Ramos; Milvia Nivety Torres; Kevin

24 Torres; Mario Rene Torres; Susan Flores; Ricardo Lopez; Jorge Avila; Jonathan Avila; Sergio Pulido

25 aka Matthew Lopez, a Minor by and through his Guardian Ad Litem, Susan Flores;  Sebastian Cornejo

26 Flores, a Minor by and through his Guardian Ad Litem, Susan Flores; Aracely Monroy de Flores;

27 Evelyn Vierna; Edwin Morales; Ethan Morales-Vierna; Yeny Benitez; Victor Benitez; Adrian Benitez, a

28 Minor by and through his Guardian Ad Litem, Yeny Benitez; Gael Benitez, a Minor by and through his

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1  Morales-Vierna; Yeny Benitez; Victor Benitez; Adrian Benitez, a Minor by and through his Guardian
2  Ad Litem, Yeny Benitez; Gael Benitez, a Minor by and through his Guardian Ad Litem, Yeny Benitez;
3  Maria Gabriela Vasquez; Elena Vasquez; Juan Vasquez, Miriam Borquez, Hector Christian Beza-Lara,
4  and Alejandra Morales (collectively "Plaintiffs") in their Complaint against Defendant Delta Airlines,
5  Inc. ("Defendant Delta") and Does 1 through 100, inclusive (Defendant Delta and Does 1 through 100,
6  collectively hereafter "Defendants"), and allege as follows:

7
8  ## PARTIES, JURISDICTION, AND VENUE

9  1.    Plaintiffs are now, and at all times mentioned herein, individuals who reside in the
10 County of Los Angeles, State of California.

11 2.    Plaintiffs are informed and believe and based thereon allege that Defendant Delta is now
12 and was at all times relevant herein a corporation or other legal entity doing substantial business in the
13 County of Los Angeles, State of California.

14 3.    The true names or capacities of Defendant Does 1 through 100 are unknown to Plaintiffs,
15 who sue them by such fictitious names under *Cal. Code Civ. Proc.* § 474. Each Defendant Doe caused
16 Plaintiffs injury and damage. Plaintiffs will amend the Complaint to allege the true names and
17 capacities of Defendant Does, whether individual, corporate, associate, or otherwise, when the same has
18 been ascertained. Plaintiffs are informed, believe, and based on such information and belief allege that
19 each fictitiously named Defendant is in some manner responsible for the damages alleged herein.

20 4.    Plaintiffs are informed, believe, and based upon such information and belief allege that,
21 in performing the acts and omissions alleged hereinafter, and at all times relevant hereto, each of the
22 Defendants was an agent, servant, employee, partner, joint venture, and/or co-conspirators of each of the
23 remaining defendants, and acted as within the course and scope of his authority, employment, or
24 conspiracy, or with the ratification, approval, permission, and/or consent of the other defendants.

25 5.    Plaintiffs are informed, believe, and based thereon allege that the above-entitled Court is
26 the proper Court for this action, as the wrongful acts and omissions alleged hereinafter took place in the
27 County of Los Angeles, State of California. Plaintiffs further allege that the amount claimed is in excess
28 of the jurisdictional minimum of this Court.

1

**GENERAL ALLEGATIONS**

2    6.    Plaintiffs reside in a neighborhood in the City of Cudahy near the Park Avenue

3   Elementary School, located at 8020 Park Ave., Cudahy, California 90201. On or about January 14,

4   2020, Plaintiffs, unaware that toxic jet fuel would be dumped on them, were conducting their normal

5   daily routines within the safety of their respective homes and places of work. On that day, and under the

6   circumstances alleged hereinafter, Defendant Delta operated a flight—believed to be Flight 89, leaving

7   the Los Angeles International Airport ("LAX") for Shanghai—at an altitude of approximately 2,300 feet

8   and piloted by certain Doe Defendant(s),—made the conscious decision to dump massive amounts of

9   toxic jet fuel onto the Plaintiffs and their respective homes, personal properties, and children.

10    7.    Prior to January 14, 2020, Defendants knew that jet fuel is a toxic substance and that

11   contact with jet fuel is harmful and dangerous to humans. The Code of Federal Regulations and the

12   Federal Aviation Administration have established minimum requirements that must be followed before a

13   turbine aircraft may jettison its fuel. The Federal Agency for Toxic Substances provides that the health

14   effects of contact with jet fuel can result in short and long-term injuries to exposed individuals,

15   including damage to various organs. Jet fuel is a known and recognized toxic substance, which can also

16   cause damage to pets, personal property, and real property.

17    8.    By virtue of such knowledge, Defendant Delta, as an aircraft owner and operator, and

18   Defendants Does, including Federal Aviation Administration ("FAA") licensed defendants, were, at all

19   relevant times, under a duty to adequately train and supervise their pilots and personnel and to properly

20   operate the subject aircraft. In connection with such training, Defendant Delta and Defendant Doe

21   pilot(s) must be trained on safety procedures for dumping fuel from aircraft with turbine engines. These

22   procedures take into account the type of aircraft, overweight landing capability, type of engine, and

23   environment so as to avoid harm to the general population, personal property, and real property located

24   within the below surrounding areas. Defendants, including Defendant Delta and Defendant Doe pilot(s),

25   were under a duty to notify air traffic control personnel of any need or intent to dump fuel so that the

26   aircraft could be directed to an altitude and area where it would be safe to jettison fuel. Defendants must

27   control their aircraft to avoid harm to the population and property below and around the aircraft. The

28   turbine engine airlines and aircraft operators, including Defendant Delta and Defendant Does, were

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 .. Fax (949) 756-9060

1    under a duty to avoid jettisoning jet fuel at unsafe altitudes, especially when over heavily populated

2    areas, unless they have been cleared for such action by the flight traffic controllers.  Well established

3    industry guidelines and customs govern such conduct.  For example, and among other industry

4    standards, air traffic controllers must:

      a.  Require that the flight crew coordinate fuel dumps with the air traffic controllers.  Even

5

6    in an emergency, the flight crew must inform the air traffic controllers that it intends or

7    desires to dump fuel.

      b.  Instruct the flight crew that the jettisoning of fuel should be carried out 10,000 feet

8

9    above ground level, or above water.  If fuel dumping at this level or over water is

10    operationally impracticable or inconsistent with safety, fuel may be jettisoned above

11    7,000 feet in winter and above 4,000 feet in summer.

      c.  Instruct the flight crew to make sure a vertical separation of at least 1,000 feet between

12

13    aircraft has been maintained.

14        9.     January 14, 2020 was a typical winter day for Plaintiffs.  At the time of the incident, all

15    Plaintiffs were at their respective homes or places of work.  The skies were clear and there was no

16    reason for Plaintiffs to suspect exposure of any health or property hazards. .  That morning, a massive

17    Boeing 777-200, flown by Defendants and carrying approximately 30,000 gallons of jet fuel, took off

18    from LAX for Shanghai, China (hereinafter, "Flight 89").  Shortly after takeoff, the pilot declared an in-

19    flight emergency related to its starboard engine—a trouble which was negligently ignored before

20    takeoff.  When Defendant Delta and Defendant Doe pilot(s) declared the emergency, Flight 89 was over

21    the Pacific Ocean.  Defendant Delta and Defendant Doe pilot(s) made a northerly turn, followed by an

22    easterly turn, causing Flight 89 to fly parallel to land instead of the Pacific Ocean.  Defendants caused

23    the aircraft to fly over heavily populated neighborhoods.  Defendants further negligently avoided a

24    wider flight pattern that could have taken Flight 89 over the unpopulated hills and mountains.

25    Defendants proceeded to fly adjacent to the Park Avenue Elementary School and surrounding

26    neighborhoods.  Plaintiffs are informed, believe, and based upon such information and belief allege that

27    the engine problem that caused the Flight 89 Defendant Doe pilot(s) to abandon their approved flight

28    plan and to ultimately jettison fuel onto Plaintiffs, as alleged herein, was detected and known to

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92814
Tel (949) 756-9050 ... Fax (949) 756-9060

1 │ Defendants before Flight 89 took off. Nevertheless, Defendants ignored the problem and chose to take

2 │ off.

3 │       10.    Defendant Doe pilot(s) notified air traffic control personnel of the need for Flight 89 to

4 │ return to LAX, but negligently failed to inform air traffic personnel of any need to dump fuel in order to

5 │ avoid an overweight landing. In accordance with industry standards (See ¶ 8a) Defendants were

6 │ obligated to inform air traffic controller ("ATC") and coordinate the fuel dump with ATC. In adherence

7 │ with industry standards, Defendant Doe pilot(s) were specifically asked by ATC if they needed to dump

8 │ fuel. Failing to properly discharge their duties and in violation of industry standards, Defendants

9 │ responded there was no such need. Had Defendants properly notified ATC, Flight 89 would have been

10 │ directed to a location and altitude at which fuel could safely be jettisoned or approved to do so over the

11 │ Pacific Ocean. Indeed, Flight 89 reached altitudes of over 8,000 feet above ground level during its

12 │ flight. Accordingly, there were plenty of opportunities to jettison fuel safely and in accordance with

13 │ industry standards (See ¶ 8b).

14 │       11.    Defendants proceeded to dump tens of thousands of pounds of fuel per second at an

15 │ elevation of about 2,000 feet above ground level. Defendants failed to:

16 │       a.  Properly notify ATC of their need to jettison fuel;

17 │       b.  Notify ATC of their decision to jettison fuel;

18 │       c.  Properly calculate their landing weight;

19 │       d.  Ensure that they are flying at a safe altitude for a fuel dump;

20 │       e.  Ensure that they are a safe distance away from other aircraft;

21 │       f.  Ensure that they are not flying over heavily populated areas;

22 │       g.  Realize that, at 2,000 feet above the ground on a winter day, the fuel would not

23 │           evaporate or dissipate; and

24 │       h.  Change their flight pattern to burn off or jettison fuel from a safe altitude.

25 │       12.    The fuel dumped by Flight 89 did not evaporate or dissipate. Instead, Plaintiffs, who

26 │ were unaware of the dangers posed by Defendants' conduct, were coated with jet fuel from Flight 89

27 │ while in and near their yards and back yards, respectively. Plaintiffs' properties were also coated with

28 │ the jet fuel dumped from Flight 89, causing severe damage to their homes and personal properties.

13.     After Flight 89 released thousands of pounds of fuel over Plaintiffs and their properties, Plaintiffs could feel the fuel on their clothes, flesh, eyes, and skin. Fuel penetrated their bodies through their mouths, skin pores, and nostrils, producing a lasting and severe irritation, and a lasting and noxious taste and smell. The smell of the jet fuel has lingered in their homes and remains to this day. Plaintiffs' yards, their personal crops, and fruit trees were covered in jet fuel. Plaintiffs' pets and vehicles were also covered in jet fuel. The coating of fuel caused Plaintiffs to feel sick, dizzy, and nauseated, and caused pain, vomiting, and skin irritation. Plaintiffs also suffer from digestive problems and respiratory problems as a result of the jet fuel dump. Plaintiffs have experienced breathing difficulties and severe discomfort which have required and continue to require medical treatment. When Plaintiffs learned that exposure to and ingestion of jet fuel was the cause of their suffering and illness, they also suffered severe emotional distress stemming from the knowledge that they had involuntarily ingested toxins and would be suffering the consequences over an extended period. Further, the adult Plaintiffs are worried about the wellbeing of their exposed children. Their severe emotional distress includes the reasonable fear that the exposure to and ingestion of jet fuel might produce serious health consequences, such as cancer, in the future. Plaintiffs also suffer from fear of continued exposure to jet fuel due to aircraft flying overhead. This is a concern that had not entered their minds and would not have existed but for Defendants' negligence.

14.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiffs are each entitled to general and compensatory damages in an amount in excess of the jurisdictional minimum of the Court and which will be proven at trial.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

(By Plaintiffs against all Defendants)

15.     Plaintiffs incorporate by reference Paragraphs 1 through 14 in this Complaint, as though fully set forth herein.

16.     Plaintiffs reside in the City of Cudahy in a neighborhood adjoining the Park Avenue Elementary School, located at 8020 Park Ave., Cudahy, California. On or about January 14, 2020,

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1    Plaintiffs were within the safety of their respective homes or places of work in such neighborhood.  On

2    that day, and under the circumstances alleged herein, Flight 89, a Defendant Delta flight, dumped a

3    massive amount of toxic jet fuel onto the Plaintiffs and their respective homes, properties, and children.

4           17.     January 14, 2020 was a typical winter day—the skies were clear and there was no reason

5    to suspect exposure to any hazards.  However, Plaintiffs were within the danger zone when the

6    aforementioned incident occurred.  That morning, a massive Boeing 777-200 flown by Defendant Delta

7    as Flight 89 was carrying approximately 30,000 gallons of jet fuel as it took off for Shanghai, China

8    from LAX.  Shortly after takeoff, a Defendant Doe pilot declared an in-flight emergency related to its

9    starboard engine—a trouble that was known to, and ignored by, Defendants prior to take off.  When

10   Defendant Delta and Defendant Doe pilot(s) declared the emergency, Flight 89 was over the Pacific

11   Ocean.  Defendant Delta and Defendant Doe pilot(s) then made a northerly turn, followed by an easterly

12   turn, causing Flight 89 to fly parallel to land instead of the Pacific Ocean.  Defendants caused the

13   aircraft to fly over heavily populated neighborhoods and negligently avoided a wider flight pattern that

14   could have taken them over the unpopulated hills and mountains.  Defendants proceeded to fly over the

15   Park Avenue Elementary School and surrounding neighborhoods.  Plaintiffs are informed, believe, and

16   based thereon allege that the engine problem that caused Flight 89's Defendant Doe pilot(s) to abandon

17   their flight plan, and to ultimately jettison fuel onto Plaintiffs, as alleged herein, was detected and known

18   to Defendants before Flight 89 took off.  Nevertheless, Defendants ignored the engine problem and

19   chose to take off.  Defendants had a duty to ground the aircraft due to the engine problem. Defendants

20   breached that duty.

21          18.     Defendants, and each of them, as licensed owners and operators of aircraft have duties,

22   which they ignored and breached.  These duties, which the Defendants have breached, include:

23             a.    Duty to notify ATC of any need or intent to dump fuel, according to a long-standing

24                   standard of conduct within the industry;

25             b.    Duty to dump fuel from safe altitudes (see ¶ 8, above);

26             c.    Duty to coordinate with ATC to dump fuel at a safe location and altitude;

27             d.    Duty to dump fuel in such a manner so as to avoid injury to the population, property,

28                   and life within close proximity to the aircraft;

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92014
Tel (949) 756-9050 ... Fax (949) 756-9060

e.  Duty to dump fuel over the ocean or hills, when possible;

f.  Duty to truthfully coordinate with ATC, including to disclose material facts about the flight, such as the intent to dump fuel at approximately 2,000 feet above ground level;

g.  Duty to calculate accurate overweight landing numbers on a timely basis and to take advantage of fuel dumping opportunities when possible;

h.  Duty to respond truthfully to ATC when ATC inquires about intent to dump fuel, and a further duty to correct a prior false response relating to the intent to dump fuel;

i.  Duty to avoid harm to Plaintiffs in connection with dumping fuel on their persons and properties;

j.  Duty to avoid negligently operating Flight 89, including detecting the engine problem that caused Flight 89 to need to dump fuel on Plaintiffs before Flight 89 took off; and

k.  Duty to exercise reasonable care to avoid harm to Plaintiffs.

19.  Plaintiffs are informed, believe, and based thereon allege that Defendants breached each of the aforementioned duties, and failed to properly train and/or supervise the pilots and personnel of Flight 89 with regard to the safety procedures for dumping fuel from aircraft in flight so as to avoid harm to the population, property, and life on the ground under the aircraft.

20.  Immediately after Defendants caused Flight 89 to release thousands of pounds of fuel per second over Plaintiffs and their properties, Plaintiffs could feel the fuel on their clothes, flesh, eyes, and skin. Fuel penetrated their pores, mouths, and noses, producing a lasting and severe irritation and a lasting and noxious taste and smell. The smell of the jet fuel lingered in their homes and remains to this day. Plaintiffs' crops and fruit trees were covered in jet fuel. Plaintiffs' pets and vehicles were also covered in jet fuel.

21.  At all times material herein, Defendants knew, or reasonably should have known, that their conduct, acts, and failures to act with reasonable care, as described herein, would cause harm to persons and property on the ground below Flight 89 as it dumped fuel.

22.  As a direct and proximate result of the above alleged acts and omissions of Defendants, Plaintiffs were injured. Specifically, exposure to the fuel at the outset and continued exposure to the coating of fuel caused Plaintiffs to feel sick, dizzy, and nauseated, and caused pain, vomiting, and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1   irritation to the skin and eyes.  Plaintiffs also suffer from digestive problems and respiratory problems

2   as a result of the jet fuel dump.  Plaintiffs have experienced breathing difficulties and severe

3   discomfort, which required and continues to require medical treatment.  Plaintiffs also suffer from

4   severe emotional distress due to their knowledge that  exposure to and ingestion of jet fuel was the

5   cause of their suffering and illness and that they had involuntarily ingested toxins.  Their severe

6   emotional distress includes the reasonable fear that the exposure to and ingestion of jet fuel might

7   produce serious health consequences, such as cancer, in the future.

8        23.     Plaintiffs have suffered and continue to suffer emotional injuries each time an aircraft

9   flies overhead.  Each of these Plaintiffs has lived for years under the flight path without any injuries or

10   harm.  However, Defendants' negligence has suddenly broken their safety bubble.  They are now

11   troubled at the sign of an aircraft flying overhead—an event which is a regular occurrence in their

12   neighborhood.

13        24.     Plaintiffs have also suffered injuries to their real property.  Their homes have materially

14   lost value.  The value of each home before the incident was materially higher.  However, as a result of

15   this incident, market demand has deteriorated.  This injury is likely to continue and worsen with

16   passage of time.  Buyers will be dissuaded from Plaintiffs' neighborhood.  Moving from this

17   neighborhood, however, has become a concern and an agenda for Plaintiffs.  Accordingly, Plaintiffs

18   must now exhaust additional sums to remedy this injury.

19        25.     Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and

20   severe mental anguish and emotional distress.  Plaintiffs are each entitled to general and compensatory

21   damages in an amount in excess of the jurisdictional minimum of the Court and which will be proven at

22   trial.

23                                               **PRAYER FOR RELIEF**

24   WHEREFORE: Plaintiffs pray for judgment as follows:

25        I.     For each Plaintiff to be awarded general damages in an amount to be proven at the time

26             of trial;

27        II.     For each Plaintiff to be awarded special damages in an amount to be proven at the time of

28             trial;

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

III.    For costs of suit herein incurred, including reasonable attorneys' fees to the extent permitted by law; and

IV.    For all other and further relief that the Court deems proper and just.

Respectfully submitted on this 26th day of February, 2020, by:

MADISON LAW, APC

Ali Parvaneh,
Attorneys for Plaintiffs

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

FIRST AMENDED COMPLAINT
-11-

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2020 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ali Parvaneh SBN 21820<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, CA 92614<br>TELEPHONE NO.: (949) 756-9050      FAX NO.: (949) 756-9060<br>ATTORNEY FOR *(Name):* Plaintiffs Erik Garcia, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Erik Garcia, et al. v. Delta Airlines, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [✓] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 4, 2020
Ali Parvaneh, Esq.

_____                      _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Erik Garcia, et al. v. Delta Airlines, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, ⑪ |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Erik Garcia, et al. v. Delta Airlines, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)        **CIVIL CASE COVER SHEET ADDENDUM**        Local Rule 2.3
LASC Approved 03-04            **AND STATEMENT OF LOCATION**        Page 2 of 4

| SHORT TITLE: Erik Garcia, et al. v. Delta Airlines, Inc. | CASE NUMBER |
|---|---|

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Erik Garcia, et al. v. Delta Airlines, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>7908 Walker Ave. |
|---|---|
| CITY:<br>Cudahy | STATE:<br>Ca | ZIP CODE:<br>90201 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___February 4, 2020___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/04/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV04629 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Kristin S. Escalante | 29 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/05/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, CENTRAL DISTRICT (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: <br> ) <br> ) STANDING ORDER RE: PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT <br> ) <br> ) |

---

**DEPARTMENT:**   2   3   4   5   7

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   1.   To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil
2   Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:
3        "an unlimited civil case described on the Civil Case Cover Sheet Addendum and
4        Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property
5        Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-
6        Uninsured  Motorist;  Product  Liability  (other  than  asbestos  or
7        toxic/environmental);  Medical  Malpractice-Physicians  &  Surgeons;  Other
8        Professional Health Care Malpractice; Premises Liability; Intentional Bodily
9        Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property
10       Damage/Wrongful Death. An action for intentional infliction of emotional
11       distress, defamation, civil rights/discrimination, or malpractice (other than
12       medical malpractice), is not included in this definition. An action for injury to
13       real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)
14       Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if
15  plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:
16            A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
17            A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured
18            Motorist
19            A7260 Product Liability (not asbestos or toxic/environmental)
20            A7210 Medical Malpractice – Physicians & Surgeons
21            A7240 Medical Malpractice – Other Professional Health Care Malpractice
22            A7250 Premises Liability (e.g., slip and fall)
23            A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,
24            assault, vandalism etc.)
25            A7220 Other Personal Injury/Property Damage/Wrongful Death
26       The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere
27  in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).
28  ///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department
2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3    (C.R.C. Rules 3.714(b)(3), 3.729.)
4    **FILING OF DOCUMENTS**
5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley
6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10   legally incompetent person, or person for whom a conservator has been appointed, requests to
11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12   410), may not be filed via e-Delivery.
13   **SERVICE OF SUMMONS AND COMPLAINT**
14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15   soon as possible but no later than three years from the date when the complaint is filed.
16   (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will
17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)
19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20   service on defendant(s) of the summons and complaint within six months of filing the complaint.
21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22   party appears for trial.
23   **STIPULATIONS TO CONTINUE TRIAL**
24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26   good cause or articulating any reason or justification for the change.  To continue or advance a
27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;   Govt. Code § 70617, subd.

7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10   a showing of good cause by noticed motion. This rule is retroactive so that any previously

11   granted stipulation to continue trial will count toward the maximum number of allowed

12   continuances.

13   **NO CASE MANAGEMENT CONFERENCES**

14   7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15   a Case Management Statement.

16   **LAW AND MOTION**

17   8.      Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18   3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19   attached as exhibits. (C.R.C. Rule 3.1116(c).)

20   **CHAMBERS COPIES REQUIRED**

21   9.      In addition to filing original motion papers at the filing window on the first floor of the

22   Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23   the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24   Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25   hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27   or more three-ring binders organizing the chambers copy behind tabs.

28   ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 | RESERVATION HEARING DATE

2 | 10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

3 | Reservation System (CRS) available online at www.lacourt.org (link on homepage).   After

4 | reserving a motion hearing date, the reservation requestor must submit the papers for filing with

5 | the reservation receipt (CRS) number printed on the face page of the document under the caption

6 | and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize

7 | the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday

8 | through Friday, between 3:00 p.m. and 4:00 p.m.

9 | WITHDRAWAL OF MOTIONS

10 | 11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

11 | immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI

12 | Courts urge parties who amend pleadings in response to demurrers to file amended pleadings

13 | before the date when opposition to the demurrer is due so that the PI Courts do not needlessly

14 | prepare tentative rulings on demurrers.

15 | DISCOVERY MOTIONS

16 | 12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

17 | resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another

18 | attorney with full authority to make binding agreements, must attend in person.   The PI judges

19 | have found that, in nearly every case, the parties amicably resolve disputes with the assistance

20 | of the Court.

21 | 13.     Parties must participate in an IDC before a Motion to Compel Further Responses to

22 | Discovery will be heard unless the moving party submits evidence, by way of declaration, that

23 | the opposing party has failed or refused to participate in an IDC.   Scheduling or participating in

24 | an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

25 | noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

26 | motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

27 | of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

28 | filing a motion to compel further discovery responses in order to allow time to participate in an

Page 5 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.   After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  *ex parte*."  (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1 | the Court Reservation System from time to time because earlier hearing dates may become
2 | available as cases settle or hearings are taken off calendar.
3 | **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**
4 | 17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5 | Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6 | mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7 | Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8 | the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9 | "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 | a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 | number of pretrial hearings or the complexity of issues presented.
12 | 18.   Parties opposing a motion to transfer have five court days to file (at the filing window
13 | on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 | (using the same LACIV 238 Motion to Transfer form).
15 | 19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 | Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 | PI Courts will make an independent determination whether to transfer the case or not.
18 | **FINAL STATUS CONFERENCE**
19 | 20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 | Order Re Final Status Conference," which shall be served with the summons and complaint.
21 | **JURY FEES**
22 | 21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 | complaint. (C. C. P. § 631, subds. (b) and (c).)
24 | **JURY TRIALS**
25 | 22.   The PI Courts do not conduct jury trials.   On the trial date, a PI Court will contact the
26 | Master Calendar Court, Department One, in the Stanley Mosk Courthouse.   Department One
27 | will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 | Courtrooms.

Page 7 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  SANCTIONS

2  23.    The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*          *Debra K Weintraub*

7                                   Debra K. Weintraub
8                                   Supervising Judge of Civil Courts
                                    Los Angeles Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Standing Order Re Personal Injury Procedures, Central District

FILED
Superior Court of California
County of Los Angeles

2019-SJ-011-00

AUG 09 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Mehltarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | ) ) ) ) ) ) | SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective August 9, 2019) |
|---|---|---|

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the COURT HEREBY AMENDS AND SUPERSEDES ITS April 16, 2018 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

2.    **TRIAL DOCUMENTS TO BE FILED**

    At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

        A.    **TRIAL BRIEFS (OPTIONAL)**

        Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

        (1) the claims and defenses subject to litigation;

        (2) the major legal issues (with supporting points and authorities);

        (3) the relief claimed and calculation of damages sought; and

        (4) any other information that may assist the court at trial.

        B.    **MOTIONS IN LIMINE**

    Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

        C.    **JOINT STATEMENT TO BE READ TO THE JURY**

    For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

        D.    **JOINT WITNESS LIST**

    The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

Page 3 of 5

1   deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any

2   responses thereto, and 5) the Court's ruling.

3   **3.      EVIDENTIARY EXHIBITS**

4          The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences.  In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15         The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19         Tab A:       Trial Briefs (Optional)

20         Tab B:       Motions in Limine

21         Tab C:       Joint Statement to Be Read to the Jury

22         Tab D:       Joint Witness List

23         Tab E:       Joint List of Jury Instructions (identifying the agreed upon and contested

24                      instructions)

25         Tab F:       Joint and Contested Jury Instructions

26         Tab G:       Joint and/or Contested Verdict Form(s)

27         Tab H:       Joint Exhibit List

28

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

Tab I:        Joint Chart of Page and Line Designation(s) for Deposition and
              Former Testimony

Tab J:        Copies of the Current Operative Pleadings (including the operative complaint,
              answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.       FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _August 9, 2019_

_____
Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
     - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
       - Free day-of-trial mediations at the courthouse. No appointment needed.
       - Free or low-cost mediations before the day of trial.
       - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
         http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the Internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

2018-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 18 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | FIRST AMENDED STANDING ORDER (Effective as of April 23, 2018) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1.      PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

2.      The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

<u>TRIAL:</u> Order to Show Cause Re: Failure to File Proof of Service: 02/22/2023
Non-Jury Trial: 08/18/2021
Date:_____ at 8:30 a.m.

1

2018-SJ-008-00

## SERVICE OF SUMMONS AND COMPLAINT

3.    The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.    The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).)  The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

### UNSERVED PARTIES DISMISSAL DATE

_____

5.    No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6.    All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section.  All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

2018-SJ-008-00

1      7.  <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior

2  to the hearing.  To access tentative rulings, parties may go to <u>www.lacourt.org</u>, select "Civil"

3  Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and

4  then type the case number in the box and click "Search."

5  **EX PARTE APPLICATIONS**

6      8.  Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and

7  served in accordance with C.R.C., Rules 3.1201-3.1207.  All ex parte application fees must be paid

8  by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

9  **JURY FEES**

10      9.  The fees for jury trial shall be due no later than 365 calendar days after the filing of

11  the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

12  **STIPULATION TO CONTINUE TRIAL**

13      10.  A trial will be postponed if all attorneys of record and/or the parties who have

14  appeared in the action stipulate in writing to a specific continued date.  If the stipulation is filed less

15  than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be

16  filed in Department 94.  A proposed order shall be lodged along with the stipulation.  The Stipulation

17  and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

18  **TRIAL**

19      11.  Parties are to appear on the trial date ready to go to trial, and must meet and confer on

20  all pretrial matters at least 20 calendar days before the trial date.  On the date of trial, the parties shall

21  bring with them to Department 94 a three-ring binder with a table of contents containing conformed

22  copies of each of the following documents behind a separate tab.

23         1)  Printed copies of the Current Operative Pleadings (including the operative

24            complaint; answer; cross-complaint, if any; and answer to cross-complaint);

25         2)  Motions in Limine, if any, which must be served and filed in accordance with the

26            Local Rules, Rule 3.57;

27         3)  Joint Statement of the Case (if a jury trial);

28  ///

3

2018-SJ-008-00

1   4)   Joint Witness List disclosing an offer of proof regarding the testimony of each

2         witness, the time expected for testimony of each witness, the total time expected

3         for all witnesses, and the need, if any, for an interpreter;

4   5)   Joint Exhibit List;

5   6)   Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

6   7)   Printed Joint Proposed Verdict Form(s) (if a jury trial).

7   The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book

8   numbered appropriately.

9   **FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON**

10  **THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A**

11  **TRIAL COURT.**

12  GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

13

14

15  Dated: April 18, 2018

16  DEBRE K. WEINTRAUB
    Supervising Judge, Civil
17  Los Angeles Superior Court

18

19

20

21

22

23

24

25

26

27

28

4

FILED
Superior Court of California
County of Los Angeles

2019-SJ-011-00

AUG 09 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Mehitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | ) SECOND AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective August 9, 2019) ) ) ) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the COURT HEREBY AMENDS AND SUPERSEDES ITS April 16, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

**1.   PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

1   deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any
2   responses thereto, and 5) the Court's ruling.
3   3.      **EVIDENTIARY EXHIBITS**
4           The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at
5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,
6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the
7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written
8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties
9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the
10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit
11  binders will be required by the assigned trial judge when the trial commences.  In the absence of
12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced
13  by all parties/counsel at the FSC.
14  4.      **TRIAL BINDERS REQUIRED IN THE PI COURTS**
15          The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the
16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if
17  available), tabbed and organized into three-ring binders with a table of contents that includes the
18  following:
19          Tab A:      Trial Briefs (Optional)
20          Tab B:      Motions in Limine
21          Tab C:      Joint Statement to Be Read to the Jury
22          Tab D:      Joint Witness List
23          Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested
24                      instructions)
25          Tab F:      Joint and Contested Jury Instructions
26          Tab G:      Joint and/or Contested Verdict Form(s)
27          Tab H:      Joint Exhibit List
28

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and
             Former Testimony

Tab J:       Copies of the Current Operative Pleadings (including the operative complaint,
             answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.       **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: August 9, 2019

Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

CM-015

Electronically Received 03/06/2020 05:49 PM

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ali Parvaneh, SBN 218320<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, CA 92614<br>TELEPHONE NO.: 949-756-9050    FAX NO. *(Optional):* 949-756-9060<br>E-MAIL ADDRESS *(Optional):* aparvaneh@madisonlawapc.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/13/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Garcia _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Spring Street Courthouse |

| PLAINTIFF/PETITIONER: Erik Garcia, et al. | CASE NUMBER:<br>20STCV04629 |
|---|---|
| DEFENDANT/RESPONDENT: Delta Airlines, Inc. | JUDICIAL OFFICER:<br>Hon. Judge Kristin S. Escalante |
| **NOTICE OF RELATED CASE** | DEPT.:<br>29 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Lisette Barajas, et al. v. Delta Airlines, Inc., et al.,
   b. Case number: 20STCV02116
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: 28
   e. Case type: [ ] limited civil [ ] unlimited civil [ ] probate [ ] family law [✓] other *(specify):* PI/PD
   f. Filing date: January 17, 2020
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [ ] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: Jesus Angel Rosales, et al. v Delta Air Lines, Inc., et al.
   b. Case number: 20STCV05062
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: 28

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: Erik Garcia, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Delta Airlines, Inc. | 20STCV04629 |

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify)*: PI/

    f. Filing date: February 7, 2020

    g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No

    h. Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☑ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address)*:

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 6, 2020

Ali Parvaneh, Esq.

▶

_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Erik Garcia, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Delta Airlines, Inc. | 20STCV04629 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:                          c. Name of person served:

      Street address:                                    Street address:
      City:                                              City:
      State and zip code:                                State and zip code:

   b. Name of person served:                          d. Name of person served:

      Street address:                                    Street address:
      City:                                              City:
      State and zip code:                                State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

**NOTICE OF RELATED CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/06/2020 02:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Trinh,Deputy Clerk

1  Ali Parvaneh, SBN 218320
   aparvaneh@madisonlawapc.com
2  Jenos Firouznam-Heidari, SBN 266257
   jheidari@madisonlawapc.com
3  James S. Sifers, SBN 259105
4  jsifers@madisonlawapc.com
   Laura Hassan, SBN 315411
5  lhassan@madisonlawapc.com
6  **MADISON LAW, APC**
   17702 Mitchell North
7  Irvine, California 92614
   Telephone: 949-756-9050
8  Facsimile: 949-756-9060
9
   Attorneys for Plaintiffs
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

13  ERIK GARCIA, an individual; RAMONA          Case No.: 20STCV04629
    GARCIA, an individual; BLANCA PEREZ, an
14  individual; DIANA FLORES, an individual;     ASSIGNED FOR ALL PURPOSES to:
15  XAVIER BUSTAMANTE, an individual;            Hon. Judge Kristin S. Escalante
    ALESSANDA PEREZ, an individual; LUIS         Dept. 29
16  ROJAS, an individual; MIGUEL
    BUSTAMANTE, an individual; VERONICA          ***CAL. CODE CIV. PROC.* § 425.11 NOTICE OF
17  RAMOS, an individual; BRAYANT RIVAS, an      STATEMENT OF DAMAGES**
18  individual; BRYANNA RIVAS, an individual;
    MILVIA NIVETY TORRES, an individual;         Action Filed: February 4, 2020
19  KEVIN TORRES, an individual; MARIO RENE      Trial Date:    None Set.
20  TORRES, an individual; SUSAN FLORES, an
    individual; RICARDO LOPEZ, an individual;
21  JORGE AVILA, an individual; JONATHAN
22  AVILA, an individual; SERGIO PULIDO, an
    individual; ARACELY MONROY, an individual;
23
24              Plaintiffs,
            v.
25
26  DELTA AIRLINES, INC., a corporation or other
    form of legal entity; and DOES 1 through 100,
27  inclusive,
28              Defendants.

---

NOTICE OF STATEMENT OF DAMAGES
-1-

1    TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2    NOTICE IS HEREBY GIVEN that Plaintiffs Erik Garcia, Ramona Garcia, Blanca Perez, Diana

3    Flores, Xavier Bustamante, Alessandra Perez, Luis Rosas, Miguel Bustamante, Veronica Ramos,

4    Brayant Rivas, Veronica Alvarez, Bryanna Rivas, Milvia Nivety Torres, Kevin Torres, Mario Rene

5    Torres, Susan Flores, Ricardo Lopez, Jorge Avila, Jonathan Avila, Sergio Pulido, and Aracely Monroy

6    de Flores (collectively "Plaintiffs") hereby reserve their right to seek $2,000,000.00 in punitive damages

7    when Plaintiffs seek a judgment in the suit filed against Defendant Delta Airlines, Inc. and Does 1

8    through 100, inclusive.

9

10   Respectfully submitted on this 6th day of February, 2020, by:

11

12                                          MADISON LAW, APC

13

14                                          _____

15                                          Ali Parvaneh,
                                            Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Electronically FILED by Superior Court of California, County of Los Angeles on 03/06/2020 05:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Aquino,Deputy Clerk

1   Ali Parvaneh, SBN 218320
    aparvaneh@madisonlawapc.com
2   Jenos Firouznam-Heidari, SBN 266257
    jheidari@madisonlawapc.com
3   James S. Sifers, SBN 259105
    jsifers@madisonlawapc.com
4   Laura Hassan, SBN 315411
    lhassan@madisonlawapc.com
5
6   **MADISON LAW, APC**
    17702 Mitchell North
7   Irvine, California 92614
    Telephone: 949-756-9050
8   Facsimile: 949-756-9060

9   Attorneys for Plaintiffs
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

13
    ERIK GARCIA, an individual; RAMONA          Case No.: 20STCV04629
14  GARCIA, an individual; EVELYN A. GARCIA,
    a Minor by and through her Guardian Ad Litem,  ASSIGNED FOR ALL PURPOSES to:
15  Erik Garcia; ERIKA A. GARCIA, an individual;  Hon. Judge Kristin S. Escalante
    ERIK G. GARCIA, a Minor by and through his   Dept. 29
16  Guardian Ad Litem, Erik Garcia; BLANCA
    PEREZ, an individual; DIANA FLORES, an
17  individual; XAVIER BUSTAMANTE, a Minor       *CAL. CODE CIV. PROC.* § 425.11 AMENDED
18  by and through his Guardian Ad Litem, Blanca  **NOTICE OF STATEMENT OF DAMAGES**
    Perez; ALESSANDRA PEREZ, a Minor by and
19  through her Guardian Ad Litem, Blanca Perez;  Action Filed: February 4, 2020
    LUIS ROJAS, an individual; MIGUEL            Trial Date: August 3, 2021
20  BUSTAMANTE, an individual; VERONICA
    RAMOS, an individual; BRAYANT RIVAS, an
21  individual; BRYANNA RIVAS, a Minor by and
    through her Guardian Ad Litem, Veronica Ramos;
22  VERONICA ALVAREZ, a Minor by and through
23  her Guardian Ad Litem, Veronica Ramos;
    MILVIA NIVETY TORRES, an individual;
24  KEVIN TORRES, an individual; MARIO RENE
    TORRES, an individual; SUSAN FLORES, an
25  individual; RICARDO LOPEZ, an individual;
26  JORGE AVILA, an individual; JONATHAN
    AVILA, an individual; SERGIO PULIDO aka
27  MATTHEW LOPEZ, a Minor by and through his
28

---

NOTICE OF STATEMENT OF DAMAGES

-1-

1  Guardian Ad Litem, Susan Flores; SEBASTIAN
2  CORNEJO FLORES, a Minor by and through his
   Guardian Ad Litem, Susan Flores; ARACELY
3  MONROY DE FLORES, an individual;
   EVELYN VIERNA, an individual; EDWIN
4  MORALES, an individual; ETHAN MORALES-
   VIERNA, an individual; YENY BENITEZ, an
5  individual; VICTOR BENITEZ, an individual;
6  ADRIAN BENITEZ, a Minor by and through his
   Guardian Ad Litem, Yeny Benitez; GAEL
7  BENITEZ, a Minor by and through his Guardian
   Ad Litem, Yeny Benitez; MARIA GABRIELA
8  VASQUEZ, an individual; ELENA VASQUEZ,
9  an individual; JUAN VASQUEZ, an individual;
   MIRIAM BORQUEZ, an individual; HECTOR
10 CHRISTIAN BEZA-LARA, an individual; and
   ALEJANDRA MORALES, an individual.
11
12              Plaintiffs,
13      v.

14 DELTA AIRLINES, INC., a corporation or other
   form of legal entity; and DOES 1 through 100,
15 inclusive,

16 _____
              Defendants.
17

18 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19      NOTICE IS HEREBY GIVEN that Plaintiffs Erik Garcia; Ramona Garcia; Evelyn A. Garcia; a

20 Minor by and through her Guardian Ad Litem, Erik Garcia; Erika A. Garcia; Erik G. Garcia, a Minor by

21 and through her Guardian Ad Litem, Erik Garcia; Blanca Perez; Diana Flores; Xavier Bustamante; a

22 Minor by and through his Guardian Ad Litem, Blanca Perez; Alessandra Perez, a Minor by and through

23 her Guardian Ad Litem, Blanca Perez; Luis Rosas; Miguel Bustamante; Veronica Ramos; Brayant

24 Rivas; Veronica Alvarez; Bryanna Rivas, a Minor by and through her Guardian Ad Litem, Veronica

25 Ramos; Veronica Alvarez, a Minor by and through her Guardian Ad Litem, Veronica Ramos; Milvia

26 Nivety Torres; Kevin Torres; Mario Rene Torres; Susan Flores; Ricardo Lopez; Jorge Avila; Jonathan

27 Avila; Sergio Pulido aka Matthew Lopez, a Minor by and through his Guardian Ad Litem, Susan Flores;

28 Sebastian Cornejo Flores, a Minor by and through his Guardian Ad Litem, Susan Flores; Aracely

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

NOTICE OF STATEMENT OF DAMAGES
-2-

1  Monroy de Flores; Evelyn Vierna; Edwin Morales; Ethan Morales-Vierna; Yeny Benitez; Victor

2  Benitez; Adrian Benitez, a Minor by and through his Guardian Ad Litem, Yeny Benitez; Gael Benitez, a

3  Minor by and through his Guardian Ad Litem, Yeny Benitez; Maria Gabriela Vasquez; Elena Vasquez;

4  Juan Vasquez, Miriam Borquez, Hector Christian Beza-Lara, and Alejandra Morales (collectively

5  "Plaintiffs") hereby reserve their right to seek $4,300,000.00 in punitive damages when Plaintiffs seek a

6  judgment in the suit filed against Defendant Delta Airlines, Inc. and Does 1 through 100, inclusive.

7

8  Respectfully submitted on this 6th day of March, 2020, by:

9

10                                                          MADISON LAW, APC

11

12

13                                                          Ali Parvaneh,
                                                            Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MADISON LAW, APC
17702 Mitchell North., Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060



## Superior Court of California, County of Los Angeles

> # ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204.
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org, (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day-of-trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/04/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV04629 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Kristin S. Escalante | 29 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/05/2020 _____
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

ADR-107

## ATTENDANCE SHEET FOR COURT-PROGRAM MEDIATION OF CIVIL CASE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

MEDIATOR:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:                          MEDIATION SESSION DATES:

Please provide your name, mailing address, telephone number, and e-mail address and indicate your role in the mediation so that the mediator or the court may contact you concerning this mediation if the need arises. This information will not be released or used for other purposes. (Multiple attendance sheets may be used to preserve the confidentiality of the participants' contact information.)

| NAME AND MAILING ADDRESS | TELEPHONE AND E-MAIL | ROLE IN MEDIATION |
|---|---|---|
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |
| Name<br>Street<br>City          State          Zip Code | Phone (   )     -<br>E-mail | ☐ Party   ☐ Attorney<br>☐ Insurance Representative<br>☐ Other: |

☐ Additional page(s) attached.

Form Approved for Optional Use<br>Judicial Council of California<br>ADR-107 [Rev. July 1, 2009]

**ATTENDANCE SHEET FOR COURT-PROGRAM
MEDIATION OF CIVIL CASE
(Alternative Dispute Resolution)**

Cal. Rules of Court, rule 3.860<br>www.courtinfo.ca.gov

NAME OF COURT:

## *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:* ▶

1. Case name: _____ No. _____
2. Type of civil case:  ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify)*: _____
3. Date complaint filed _____  Date case resolved _____
4. Date of ADR conference _____  5. Number of parties _____
6. Amount in controversy  ☐ $0–$25,000  ☐ $25,000–$50,000  ☐ $50,000–$100,000  ☐ over $100,000 *(specify)*:_____
7. ☐ Plaintiff's Attorney  ☐ Cross Complainant's Attorney  8. ☐ Defendant's Attorney  ☐ Cross Defendant's Attorney

| NAME | NAME |
|---|---|
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney               ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify)*: _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify)*: _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify)*: $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify)*: $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify)*: _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify)*: _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]                    **ADR INFORMATION FORM**

**ADR-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

    STREET ADDRESS:

    MAILING ADDRESS:

    CITY AND ZIP CODE:

    BRANCH NAME:

PETITIONER/PLAINTIFF:

RESPONDENT/DEFENDANT:

| ORDER APPOINTING REFEREE | CASE NUMBER: |
|---|---|

## THE COURT FINDS:

1. ☐ **Section 638 appointment.** A referee is properly appointed under Code of Civil Procedure section 638 because *(check one):*
   - a. ☐ all parties to the action have agreed to the appointment of a referee under section 638.
   - b. ☐ the parties entered into a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee.

2. ☐ **Section 639 appointment.** A referee is properly appointed under Code of Civil Procedure section 639 because *(check and complete a or b):*
   - a. ☐ **Discovery reference.** It is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation. *(Code Civ. Proc., § 639(a)(5). State the exceptional circumstances specific to the particular case that require the discovery reference, below or in Attachment 2a.)*

   - b. ☐ **Other reference.** *(Check one or more of the following statutory grounds and state the reason for the appointment below or in Attachment 2b.)*
     - (1) ☐ The trial of an issue of fact requires the examination of a long account. *(Code Civ. Proc., § 639(a)(1).)*
     - (2) ☐ The taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. *(Code Civ. Proc,. § 639(a)(2).)*
     - (3) ☐ A question of fact, other than on the pleadings, has arisen by motion or otherwise. *(Code Civ. Proc., § 639(a)(3).)*
     - (4) ☐ It is necessary for the information of the court in a special proceeding. *(Code Civ. Proc., § 639(a)(4).)*

   - c. **Economic inability to pay.** *(Check one.)*
     - (1) ☐ No party has established an economic inability to pay a pro rata share of the referee's fees.
     - (2) ☐ One or more parties has established an economic inability to pay a pro rata share of the referee's fees and another party has agreed voluntarily to pay that additional share of the referee's fees. *(Complete item 5c(3)(b).)*
       - (a) The following party has established an economic inability to pay a pro rata share of the referee's fee *(name each):*
       - (b) The following party has agreed voluntarily to pay an additional share of the referee's fee *(name each):*
     - (3) ☐ The referee is being appointed at no cost to the parties.

Page 1 of 3

ADR-110

| PETITIONER/PLAINTIFF:<br>RESPONDENT/DEFENDANT: | CASE NUMBER: |
|---|---|

**THE COURT ORDERS:**

3. **Referee.** The following person is appointed as referee. *(The referee's signature indicating consent to serve and certification that he or she is aware of and will comply with the applicable provisions of canon 6 of the Code of Judicial Ethics and the California Rules of Court must be included in the proposed order appointing a referee under Code of Civil Procedure section 638 or attached to the order appointing a referee under section 639. See item 9.)*

   a.  Name:

   b.  Business address:

   c.  Telephone number:

   d.  ☐  The referee is a member of the State Bar of California. *(Rules 3.903 and 3.923 of the California Rules of Court provide that a referee who is a former judicial officer must be an active or inactive member of the State Bar.)*

      (1)  ☐  The referee's State Bar number is:

      (2)  ☐  The referee's State Bar membership status is *(check one):*

         (a)  ☐  Active

         (b)  ☐  Inactive

         (c)  ☐  Other *(specify):*

4. **Scope and subject matter of reference.** The referee is appointed as follows *(check and complete a or b):*

   a.  ☐  **Section 638 appointment.** The referee is appointed under Code of Civil Procedure section 638 *(check and complete one):*

      (1)  ☐  to hear and determine any or all of the issues in the action or proceeding, whether of fact or of law, and to report a statement of decision.

      (2)  ☐  to ascertain the following facts necessary to enable the court to determine the action or proceeding *(state facts to be ascertained by referee below or in Attachment 4a):*

   b.  ☐  **Section 639 appointment.**

      (1)  ☐  The following subject matter or matters are included in the reference *(describe the matter or matters the referee is ordered to consider below or in Attachment 4b):*

      (2)  ☐  **Section 639 discovery reference.**

         (a)  ☐  The discovery referee is appointed for *(check one):*

            (i)  ☐  The discovery matters identified in (1) above.

            (ii)  ☐  All discovery purposes in the action.

         (b)  The referee is authorized to set the date, time, and place for all hearings determined by the referee to be necessary; direct the issuance of subpoenas; preside over hearings; take evidence; and rule on objections, motions, and other requests made during the course of the hearing.

5. **Referee's compensation.** *(Check and complete one of the following.)*

   a.  ☐  **Uncompensated referee.** The referee will not be privately compensated by the parties.

   b.  ☐  **Compensation of section 638 referee.**

      (1)  ☐  The referee's fees will be paid as agreed by the parties.

      (2)  ☐  The parties have not agreed on the payment of the referee's fees and have requested that the matter be resolved by the court. The court orders that the referee's fees be paid as follows *(state the manner of payment determined by the court to be fair and reasonable below or in Attachment 5b):*

---

**ORDER APPOINTING REFEREE**
**(Alternative Dispute Resolution)**

**ADR-110**

| | |
|---|---|
| PETITIONER/PLAINTIFF:<br>RESPONDENT/DEFENDANT: | CASE NUMBER: |

5. c. ☐ **Compensation of section 639 referee.**
    (1) The maximum hourly rate that the referee may charge is *(specify):*
    (2) ☐ The maximum number of hours for which the referee may charge is *(at the request of any party, state the maximum number of hours for which referee may charge):*
    (3) ☐ The court orders that the referee's fees be paid or apportioned as follows and reserves jurisdiction to modify this order *(state fair and reasonable apportionment of reference costs below or in Attachment 5c):*
        (a) ☐ All parties shall pay equal shares of the referee's fees.
        (b) ☐ The parties shall pay equal shares of the referee's fees except that, based on the finding of economic inability set forth in item 2c(2):
            (i) The following party is not required to pay any portion of the referee's fees *(name of each party excused from paying referee's fees):*

            (ii) The following party shall pay the pro rata share of the referee's of the party identified in (i), in addition to his or her own share of the referee's fees *(name of each party who has agreed to pay an additional share of the referee's fees):*

        (c) ☐ The referee's fees shall be paid as set forth in Attachment 5c.
    (4) ☐ The court will subsequently determine how the referee's fees will be paid, under Code of Civil Procedure section 645.1(b). *(If the issue of economic hardship is raised before the services of a referee appointed under section 639 begin, the court must make a fair and reasonable apportionment of reference costs.)*

6. **Use of court facilities and court personnel.** Court facilities and court personnel *(check and complete one):*
    a. ☐ may not be used without an order of the presiding judge. *(Court facilities and personnel may be used in proceedings before a privately compensated section 638 referee only upon a finding of the presiding judge that the use would further the interest of justice.)*
    b. ☐ may be used as follows *(describe any authorized use of court facilities or court personnel if referee will not be privately compensated or is appointed under section 639):*

7. ☐ **The reference will be conducted in a private facility.** The clerk must post notice that the following person may be contacted to arrange attendance at any proceeding that is open to the public *(complete all of the following):*
    a. Name:
    b. Address:
    c. Telephone:

8. **Referee's report.**
    a. **Time of report.** The referee must report *(check and complete one):*
        (1) ☐ in writing to the court within 20 days after the hearing, if any, has been concluded and the matter submitted.
        (2) ☐ as follows *(specify other time and manner of reporting directed by the court):*

    b. **Manner and contents of report.**
        (1) ☐ **Section 638 referees.** The referee must report in the following manner agreed to by the parties and approved by the court *(describe):*

        (2) ☐ **Section 639 referees.** The referee must file with the court a report that includes a recommendation on the merits of any disputed issue, a statement of the hours spent and the total fees charged by the referee, and the referee's recommended allocation of payment. The referee must serve the report on all parties.

9. **Certification of referee.** The undersigned consents to serve as referee as provided above and certifies that he or she is aware of and will comply with the applicable provisions of canon 6 of the Code of Judicial Ethics and the California Rules of Court.

_____
(TYPE OR PRINT NAME OF PROPOSED REFEREE)

▶ _____
(SIGNATURE OF PROPOSED REFEREE)

Date:

_____
JUDICIAL OFFICER

**ORDER APPOINTING REFEREE**
**(Alternative Dispute Resolution)**

ADR-103

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: |

| PETITIONER: |
|---|
| RESPONDENT: |

**PETITION TO** ☐ **CONFIRM** ☐ **CORRECT** ☐ **VACATE**
**ATTORNEY-CLIENT FEE ARBITRATION AWARD**

**Jurisdiction** *(check all that apply):*
☐ **Action is a limited civil case**
  Amount demanded ☐ does not exceed $10,000
          ☐ exceeds $10,000, but does not exceed $25,000
☐ **Action is an unlimited civil case** (exceeds $25,000)

| CASE NUMBER: |
|---|

**NOTICE: Please read Alternative Dispute Resolution form ADR-105, *Information Regarding Rights After Attorney-Client Fee Arbitration,* promptly and before completing this form. There are short deadlines for requesting court relief after an attorney-client fee arbitration award. Do not use this form to reject a nonbinding attorney-client fee arbitration award and request a trial; use form ADR-104 instead.**

1. **Petitioner and respondent.** Petitioner *(name each):*

   alleges and requests relief against respondent *(name each):*

2. **Attorney-client fee dispute arbitration.** This petition is being filed after an attorney-client fee arbitration conducted under Business and Professions Code sections 6200–6206. Petitioner was
   a. ☐ the attorney involved in the fee dispute.
   b. ☐ the client involved in the fee dispute.

3. **Pending or new action.**
   a. ☐ A court case is already pending, and this is a petition filed in that action. *(If so, proceed to item 4.)*
   b. ☐ This petition commences a new action. *(If so, complete items 3b(1) through 3b(4).)*
      (1) **Petitioner's capacity.** Each petitioner named in item 1 is an individual,
         ☐ except petitioner *(state name and complete one or more of the following):*
         (a) ☐ is a corporation qualified to do business in California.
         (b) ☐ is an unincorporated entity *(specify):*
         (c) ☐ is a representative *(specify):*
         (d) ☐ is *(specify other capacity):*
      (2) **Respondent's capacity.** Each respondent named in item 1 is an individual,
         ☐ except respondent *(state name and complete one or more of the following):*
         (a) ☐ is a business organization, form unknown.
         (b) ☐ is a corporation.
         (c) ☐ is an unincorporated entity *(specify):*
         (d) ☐ is a representative *(specify):*
         (e) ☐ is *(specify other capacity):*

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>ADR-103 [Rev. July 1, 2010]

**PETITION TO CONFIRM, CORRECT, OR VACATE**
**ATTORNEY-CLIENT FEE ARBITRATION AWARD**
**(Alternative Dispute Resolution)**

Business and Professions Code, § 6200 et seq.;<br>Code of Civil Procedure, § 1285 et seq.

| PETITIONER: | CASE NUMBER: |
|---|---|
| RESPONDENT: | |

3. b.   (3)   **Amount or property in dispute.** This petition involves a dispute over *(check and complete all that apply):*

     (a) ☐   the following amount of money *(specify amount):* $

     (b) ☐   property *(if the dispute involves property, complete both of the following):*

        (i)   consisting of *(identify property in dispute):*

        (ii)   having a value of *(specify value of property in dispute):* $

    (4)   **Venue.** This court is the proper court because *(complete (a) or (b)):*

     (a) ☐   this is the court in the county in which the arbitration was held.

     (b) ☐   the arbitration was not held exclusively in any county of California, **and**

        (i) ☐   this is the court in the county where the agreement was made.

        (ii) ☐   this is the court in the county where the agreement is to be performed.

        (iii) ☐   the agreement does not specify a county where it is to be performed and was not made in any county in California, and the following party resides or has a place of business in this county *(name of party):*

        (iv) ☐   the agreement does not specify a county where it is to be performed and was not made in any county in California, and no party to this action resides or has a place of business in California.

4.   **Arbitrator.** The following person was duly selected or appointed as arbitrator *(name of each arbitrator):*

5.   **Arbitration hearing.** The arbitration hearing was conducted as follows *(complete both of the following):*

   a.   **Date** *(each date of arbitration):*

   b.   **Location** *(city and state where arbitration was conducted):*

6.   **Arbitration award.**

   a.   **Date of award.** The arbitration award was made on *(date):*

   b.   **Terms of award.** The arbitration award *(complete one or more of the following):*

     (1) ☐   requires ☐ the attorney ☐ the client   to pay the other party this amount:   $

     (2) ☐   requires neither the attorney nor the client to pay the other anything.

     (3) ☐   provides *(specify other terms or check item 6(c) and attach a copy of the award):*

   c. ☐   **Attachment of Award.** A copy of the award is submitted as Attachment 6(c).

7.   **Notice of award.** The notice of the arbitration award indicates that it was mailed to petitioner on *(date):*

8.   **Binding award.** The arbitration award is binding because *(check all that apply):*

   a. ☐   after the fee dispute arose, the parties agreed in writing that the arbitration award would be binding.

   b. ☐   more than 30 days have passed since notice of the award was mailed, and no party has filed a rejection of the award and request for trial.

9. ☐   **Willful nonappearance.** Thirty days have not passed since notice of the award was mailed; however, respondent willfully failed to appear at the arbitration hearing. The award ☐ does ☐ does not   refer to respondent's nonappearance.

10.   Petitioner requests that the court *(check all that apply):*

   a. ☐   **Confirm the award and enter judgment according to it.**

   b. ☐   **Correct the award and enter judgment according to the corrected award, as follows:**

     (1)   The award should be corrected because *(check all that apply):*

        (a) ☐   the amount of the award was not calculated correctly, or a person, thing, or property was not described correctly.

        (b) ☐   the arbitrator exceeded his or her authority.

        (c) ☐   the award is imperfect as a matter of form.

**PETITION TO CONFIRM, CORRECT, OR VACATE**
**ATTORNEY-CLIENT FEE ARBITRATION AWARD**
**(Alternative Dispute Resolution)**

| PETITIONER: | CASE NUMBER: |
|---|---|
| RESPONDENT: | |

10. b.   (2)  The facts supporting the grounds for correcting the award alleged in item 10b(1) are as follows *(if additional space is required, check here* ☐ *and submit facts on an attachment labeled 10b(2)):*

        (3)  The award should be corrected as follows *(if additional space is required, check here* ☐ *and describe requested correction on an attachment labeled 10b(3)):*

  c. ☐  **Vacate (cancel) the award.**
       (1)  The award should be vacated because *(check all that apply):*
           (a) ☐  the award was obtained by corruption, fraud, or other unfair means.
           (b) ☐  an arbitrator was corrupt.
           (c) ☐  the misconduct of a neutral arbitrator substantially prejudiced petitioner's rights.
           (d) ☐  the arbitrator exceeded his or her authority, and the award cannot be fairly corrected.
           (e) ☐  the arbitrator unfairly refused to postpone the hearing or to hear evidence useful to settle the dispute.
           (f) ☐  an arbitrator failed to disclose within the time for disclosure a ground for disqualification of which the arbitrator was then aware.
           (g) ☐  an arbitrator should have disqualified himself or herself after petitioner made a demand to do so.
       (2)  The facts supporting the grounds for vacating the award alleged in item 10c(1) are as follows *(if additional space is required, check here* ☐ *and submit facts on an attachment labeled 10c(2)):*

       (3)  Petitioner ☐ does ☐ does not  request a new arbitration hearing.
  d. ☐  **Award petitioner interest** from *(date):*
       (1) ☐  at the statutory rate.
       (2) ☐  at the rate of _____ % per year.
  e. ☐  **Award petitioner costs of suit:**
       (1) ☐  in the amount of:  $
       (2) ☐  according to proof.
  f. ☐  **Award petitioner attorney fees incurred in this action** *(attorney fees incurred in preparation for or in the course of the fee arbitration proceeding are not recoverable):*
       (1) ☐  in the amount of:  $
       (2) ☐  according to proof.
  g. ☐  **Award petitioner the following other relief** *(describe relief requested; if additional space is required, check here* ☐ *and describe relief on an attachment labeled 10g):*

11. **Pages and attachments.** Number of pages attached:

Date:

_____        ▶    _____
      (TYPE OR PRINT NAME)                    (SIGNATURE OF PETITIONER OR ATTORNEY)

ADR-104

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address )*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E–MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER:

RESPONDENT:

**REJECTION OF AWARD AND REQUEST FOR TRIAL**
**AFTER ATTORNEY-CLIENT FEE ARBITRATION**

**Jurisdiction** *(check all that apply)*:

☐ **Action is a limited civil case**
   Amount demanded   ☐ does not exceed $10,000
                     ☐ exceeds $10,000, but does not exceed $25,000
☐ **Action is an unlimited civil case** (exceeds $25,000)

CASE NUMBER:

**NOTICE:** Please read Alternative Dispute Resolution form ADR-105, *Information Regarding Rights After Attorney-Client Fee Arbitration,* promptly and before completing this form. There are short deadlines for requesting court relief after an attorney-client fee arbitration award. Do not use this form to confirm, correct, or vacate an attorney-client fee arbitration award; use form ADR-103 instead.

1. **Petitioner and respondent.** Petitioner *(name each)*:

   alleges and requests relief against respondent *(name each)*:

2. **Attorney-client fee dispute arbitration.** This *Rejection of Award and Request for Trial* concerns an arbitration to determine disputed attorney fees that was conducted under Business and Professions Code sections 6200–6206. Petitioner was
   a. ☐ the attorney involved in the fee dispute.
   b. ☐ the client involved in the fee dispute.

3. **Pending or new action.**
   a. ☐ **Pending action.** A court case concerning the attorney-client fee dispute involved in the arbitration is already pending, and this *Rejection of Award and Request for Trial* is being filed in that action.
   b. ☐ **New action.** This *Rejection of Award and Request for Trial* is being filed with a complaint commencing a new action. *(A request for trial must be filed in a pending case or with a complaint commencing a new action.)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
ADR-104 [New January 1, 2004]

**REJECTION OF AWARD AND REQUEST FOR TRIAL**
**AFTER ATTORNEY-CLIENT FEE ARBITRATION**
**(Alternative Dispute Resolution)**

Business and Professions Code, § 6200 et seq.;
Code of Civil Procedure, § 1285 et seq.

| PETITIONER: | CASE NUMBER: |
|---|---|
| RESPONDENT: | |

4. **Arbitration hearing.** The arbitration hearing was conducted as follows *(complete each of the following)*:
   a. **Date** *(each date of arbitration)*:

   b. **Location** *(city and state where arbitration was conducted)*:
   c. **Appearances at the arbitration.** The arbitration hearing was conducted as follows *(check one of the following)*:
      (1) ☐ Petitioner appeared at the arbitration hearing in person or by counsel.
      (2) ☐ Petitioner did not appear at the arbitration hearing. Petitioner's failure to appear was not willful because *(explain reasons for not appearing)*:

5. **Arbitration award.**
   a. **Date of award.** The arbitration award was made on *(date)*:
   b. **Amount of award.** The arbitration award *(complete one of the following)*:
      (1) ☐ requires ☐ the attorney ☐ the client ☐ to pay the other party this amount: $
      (2) ☐ requires neither the attorney nor the client to pay the other anything.
   c. ☐ **Failure to appear.** The arbitrator found that the following party willfully failed to appear at the arbitration hearing:
      (1) ☐ Petitioner *(name each)*:
      (2) ☐ Respondent *(name each)*:
   d. ☐ **Other provisions of award.** The award also provides *(specify other terms or complete item 5e and attach a copy of the award)*:

   e. ☐ **Attachment of award.** A copy of the arbitration award is submitted as Attachment 5(e).

6. **Notice of award.** This *Rejection of Award and Request for Trial* is being filed within 30 days after notice of the award was mailed to petitioner. *(A trial after arbitration is available only if it is requested within 30 days after the notice of award was mailed to the party requesting the trial.)*
   a. The notice of the award indicates that it was mailed to petitioner on *(date)*:
   b. ☐ Petitioner alleges that the award was actually mailed on *(date)*:

7. **Nonbinding arbitration.** The parties did not agree in writing, at any time after the dispute over attorney fees or costs arose, to be bound by the arbitration award. *(A trial after arbitration is not available if the parties agreed in writing after the dispute arose that the award would be binding.)*

8. **Rejection of award and request for trial.** Petitioner rejects the arbitration award and requests a trial ("hearing de novo") in court to resolve the dispute over attorney fees and costs.

9. **Amount in dispute.** The amount of attorney fees and costs in dispute is *(amount)*: $

10. **Pages and attachments.** Number of pages attached:

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PETITIONER OR ATTORNEY)

**REJECTION OF AWARD AND REQUEST FOR TRIAL
AFTER ATTORNEY-CLIENT FEE ARBITRATION
(Alternative Dispute Resolution)**

ADR-111

| REFEREE  (Name, State Bar number, if applicable, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF:

RESPONDENT/DEFENDANT:

| **REPORT OF REFEREE** | CASE NUMBER: |
|---|---|

1. **Appointment.** The undersigned referee was appointed as follows:
   a. **Date.** By order dated:
   b. **Statutory authority.** Referee was appointed under *(check one)*:
      (1) ☐ Code of Civil Procedure section 638.
      (2) ☐ Code of Civil Procedure section 639.
2. **Submission.** The hearing, if any, was concluded and the matter was submitted on *(date)*:
3. **Referee's time and fees.** *(All items must be completed if referee was appointed under section 639.)*
   a. Total hours spent by referee:
   b. Total fees charged by referee:
   c. Referee recommends the following allocation of payment of referee's fees *(state the recommended allocation below or in Attachment 3c)*:

4. **Recommendation on the merits.** *(State the recommendation on the merits of any disputed issues below or in Attachment 4.)*

5. **Pages and attachments.** Number of pages attached: _____

Date:

_____          ▶          _____
(NAME OF REFEREE)                                    (SIGNATURE OF REFEREE)

Form Approved for Optional Use
Judicial Council of California
ADR-111 [New January 1, 2008]

**REPORT OF REFEREE**
**(Alternative Dispute Resolution)**

Code of Civil Procedure, § 643
*www.courtinfo.ca.gov*

ADR-111

| PETITIONER/PLAINTIFF: | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: | |

## DECLARATION OF SERVICE OF REPORT OF REFEREE

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:

3. I served a copy of the *Report of Referee (Alternative Dispute Resolution)* (form ADR-111) by enclosing it in a sealed envelope with postage fully prepaid, as follows:
   a. ☐ I deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit:
   d. Place of deposit *(city and state)*:
   e. Addressed as follows *(name and address of each party)*:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

**REPORT OF REFEREE**
(Alternative Dispute Resolution)

ADR-102

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **REQUEST FOR TRIAL DE NOVO AFTER JUDICIAL ARBITRATION** | CASE NUMBER: |
|---|---|

---

**NOTE:**
If you do not want the arbitrator's award to become the judgment in the case, you must file either a request for a trial de novo or a request for dismissal within 60 days after the arbitration award is filed with the clerk. If you do not request a trial de novo or dismissal by this deadline, the arbitrator's award will be final and it will be entered as the judgment in the case. The 60-day period cannot be extended (California Rules of Court, rule 3.826).

Copies of the request for a trial de novo must be served on all parties and the request and a proof of service must be filed with the clerk.

---

☐ Plaintiff    ☐ Defendant    ☐ Other *(specify):*

*(name):*

requests trial de novo in this action, under Code of Civil Procedure, section 1141.20 and rule 3.826 of the California Rules of Court.

Date:

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

---

Form Approved for Optional Use
Judicial Council of California
ADR-102 [Rev. January 1, 2012]

**REQUEST FOR TRIAL DE NOVO AFTER JUDICIAL ARBITRATION**
**(Alternative Dispute Resolution)**

Code of Civil Procedure, § 1141.20;
Cal. Rules of Court, Rule 3.826
*www.courts.ca.gov*

ADR-102

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## PROOF OF SERVICE

☐ Mail      ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Request for Trial De Novo After Judicial Arbitration* as follows *(complete either a or b):*

   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following
           our ordinary business practices. I am readily familiar with this business's practice for collecting and
           processing correspondence for mailing. On the same day that correspondence is placed for collection and
           mailing, it is deposited in the ordinary court of business with the United States Postal Service, in a sealed
           envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        _____
       (TYPE OR PRINT NAME)                            (SIGNATURE OF DECLARANT)

**ADR-100**

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                                        FAX NO.: | |
| E-MAIL ADDRESS: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

CASE NAME:

| **STATEMENT OF AGREEMENT OR NONAGREEMENT**<br> ☐ First  ☐ Supplemental | CASE NUMBER: |
|---|---|

**The mediator must complete, serve, and file this form**
- **within 10 days after conclusion of the mediation, or by an another date set by the court, in all cases assigned to mediation under the Civil Action Mediation Program. (Code Civ. Proc., § 1775 et seq.)**
- **as required by the court in other mediation programs.**

**In completing this form, the mediator must not**
- **provide any information beyond what is specifically requested, or**
- **disclose any settlement terms, confidential communications, mediation conduct, or mediator conclusions or impressions. (Evid. Code, § 1115 et seq.)**

1. I was appointed, assigned, or retained as the mediator in this case on *(date):*

2. The mediation *(check one)*
     a. ☐ was not scheduled.
     b. ☐ was scheduled but not held.
     c. ☐ was held as follows:
          (1) Session dates *(specify all):*
          (2) Number of sessions:
          (3) Total length of sessions *(hours):*

3. ☐ The mediation ended on *(date):*
     a. ☐ in a full agreement.
     b. ☐ in a partial agreement.
     c. ☐ in nonagreement.

4. ☐ The mediation has not yet ended. I submit this form to comply with the court's requirement to do so by a specified date. *(Complete the items below. In Civil Action Mediation Programs and where otherwise required by the court, file a supplemental Statement of Agreement or Nonagreement within 10 days after the mediation ends or by such other date as the court may set.)*
     a. The mediator anticipates that the mediation will be completed by *(date):*
          **NOTICE TO PARTIES:** This form does not extend any mediation completion deadline that the court has set. You must request any necessary extension from the court.
     b. The next mediation session is scheduled for *(date):*

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF MEDIATOR)

Page 1 of 2

**PROOF OF SERVICE OF STATEMENT OF AGREEMENT OR NONAGREEMENT**

1. At the time of service, I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

3. ☐   The fax number or electronic service address from which I served the document is *(complete if service was by fax or electronic service):*

4. I served the *Statement of Agreement or Nonagreement* (form ADR-100) on the person or persons below, as follows:

| a. Name of person served | b. Manner of service *(specify personal, mail, fax, or electronic)* | c. Physical or mailing address, fax number, or electronic service address where person was served | d. Date of service | e. Time of service |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5. The form ADR-100 was served by the following means *(check and complete all that apply):*

  a. ☐   **Where personal service is indicated in item 4.b.,** I personally delivered the form ADR-100 to the persons for whom personal service is indicated, at the addresses listed in item 4.c. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, or in a visible location in the office between the hours of 9 a.m. and 5 p.m. (2) For a party, delivery was made to the party or by leaving the document at the party's residence with some person not younger than 18 years of age between the hours of 8 a.m. and 6 p.m.

  b. ☐   **Where service by mail is indicated in item 4.b.,** I enclosed the form ADR-100 in a sealed envelope or package addressed to the persons at the addresses in item 4.c. and *(specify one):*

   (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident of or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

  c. ☐   **Where fax transmission is indicated in item 4.b.,** based on an agreement of the parties to accept service by fax transmission, I faxed the form ADR-100 to the persons at the fax numbers listed in item 4.c. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached.

  d. ☐   **Where electronic service is indicated in item 4.b.,** I caused the form ADR-100 to be served on the persons at the electronic service addresses listed in item 4.c., in accordance with a court order or an agreement of the parties allowing electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

ADR-109

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF:

RESPONDENT/DEFENDANT:

| ☐ STIPULATION ☐ MOTION<br>FOR ORDER APPOINTING REFEREE | CASE NUMBER: |
|---|---|

1. **Applicant.** The following parties apply for appointment of a referee *(name each applicant):*

2. **Statutory ground for appointment.**
   a. ☐ **Section 638.** Appointment of the referee is requested under Code of Civil Procedure section 638 because *(check one):*
      (1) ☐ all parties to the action have agreed to the appointment of a referee under section 638.
      (2) ☐ the parties entered into a written contract or lease that provides that any controversy arising from it shall be heard by a referee, as follows *(identify agreement and state provision for appointment of referee below or in Attachment 2a):*

   b. ☐ **Section 639.** Appointment of the referee is requested under Code of Civil Procedure section 639 because *(check and complete (1) or (2)):*
      (1) ☐ **Discovery reference.** It is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon. *(Code Civ. Proc., § 639(a)(5). State the exceptional circumstances specific to the particular case that require the discovery reference, below or in Attachment 2b(1).)*

      (2) ☐ **Other reference.** *(Check one or more of the following statutory grounds and state the reason the appointment is requested, below or in Attachment 2b(2).)*
         (a) ☐ The  trial of an issue of fact requires the examination of a long account. *(Code Civ. Proc., § 639(a)(1).)*
         (b) ☐ The taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. *(Code Civ. Proc., § 639(a)(2).)*
         (c) ☐ A question of fact, other than upon the pleadings, has arisen by motion or otherwise. *(Code Civ. Proc., § 639(a)(3).)*
         (d) ☐ It is necessary for the information of the court in a special proceeding.  *(Code Civ. Proc., § 639(a)(4).)*

3. **Referee.** Applicant requests appointment of the following person as referee:
   a. Name:
   b. Business address:
   c. Telephone number:
   d. ☐ The proposed referee is an active or inactive member of the State Bar. *(A proposed referee who is a former California judicial officer must also be an active or inactive member of the State Bar.)* The proposed referee's State Bar number is:

Form Approved for Optional Use
Judicial Council of California
ADR-109 [Rev. January 1, 2007]

**STIPULATION OR MOTION FOR ORDER APPOINTING REFEREE**
**(Alternative Dispute Resolution)**

Code of Civil Procedure, § 638 et seq.;
Cal. Rules of Court, rules 3.900–3.910,
3.920–3.927
*www.courtinfo.ca.gov*

ADR-109

| PETITIONER/PLAINTIFF: | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: | |

4. **Subject matter of reference.**

   a. ☐ **Section 638.** Applicant requests that the reference include *(check and complete one):*

     (1) ☐ all issues in dispute.

     (2) ☐ the following issues *(describe issues to be covered by reference below or in Attachment 4a):*

   b. ☐ **Section 639.** Applicant requests that the reference include the following issues *(describe issues below or in Attachment 4b):*

5. **Referee's compensation.** *(Check and complete one.)*

   a. ☐ The referee will not be privately compensated by the parties.

   b. ☐ The referee will be privately compensated by the parties as follows:

     (1) ☐ The parties have agreed that the referee's fees shall be paid as follows *(state agreement below or in Attachment 5b):*

     (2) ☐ The parties have not agreed on payment of the referee's fees and request the matter to be resolved by the court under Code of Civil Procedure section 645.1.

6. **Use of court facilities and personnel.** *(Check and complete one.)*

   a. ☐ Applicant does not request the use of court facilities or court personnel.

   b. ☐ Applicant requests the use of court facilities or court personnel. *(Describe the requested use below or in attachment 6b. If the reference is to be conducted by a privately compensated referee appointed under Code Civ. Proc., § 638, also state why the use of court facilities or court personnel will further the interest of justice. Court facilities and personnel may be used in proceedings before a privately compensated section 638 referee only upon a finding of the presiding judge that the use would further the interest of justice.)*

7. **Hearing location information.** The following person may be contacted to arrange attendance at any proceeding that is open to the public and that is conducted in a private facility *(complete all of the following):*

   a. Name:

   b. Address:

   c. Telephone:

Date:

| _____ | ► _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT OR ATTORNEY) |

**STIPULATION OR MOTION FOR ORDER APPOINTING REFEREE**
**(Alternative Dispute Resolution)**